# Williams *versus* Danziger.

By a written agreement signed by counsel it was agreed that an arbitration  " shall be final and without exception or appeal."  *Held*, that the parties were precluded thereby from exception or appeal.  McCahan *v.* Reamey, 9 Casey 535, followed.

October 9th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :*  Of October and November Term 1879, No. 316.

In the court below Mrs. Sarah D. Williams brought an action of debt against Morris H. Danziger, to recover the first quarter's rent on an alleged parol lease.   The case was referred to arbitrators, under the Compulsory Arbitration Act, and it was agreed by the counsel of the different parties that the arbitration " shall be final and without exception or appeal."   An award was entered in favor of defendant, when plaintiff filed the exceptions which will

[Williams *v.* Danziger.]

be found in the opinion of this court. The court below dismissed the exceptions and plaintiff took this appeal.

*Thomas M. Marshall* and *T. Williams, Jr.*, for appellant.— It has always been the practice of the courts in this state to set aside the verdicts of juries and awards of arbitrators, whenever it appeared that injustice had been done through fraud, misconduct at the trial or undue influence, no matter what may have been the agreement of parties concerning the finality of the same. See Wynn *v.* Bellas, 10 Casey 164.

*Josiah Cohen*, for appellee.—The parties voluntarily submitted the case to arbitrators, and stipulated that the submission should be final and conclusive, and they therefore are precluded by their agreement: McCahan *v.* Reamey, 9 Casey 536. (See following case.)

Mr. Justice PAXSON delivered the opinion of the court, November 10th 1879.

It was expressly agreed by the parties that the arbitration should be "final and without exception or appeal." The agreement was in writing, and comes up with the record. A party is precluded by an express agreement not to appeal and file exceptions. This is settled law. See McCahan *v.* Reamey, 9 Casey 535, where the authorities are collected by Mr. Justice STRONG.

It was alleged, however, that the case did not come within the rule above stated, because: 1. The award was procured by fraud; 2. That the arbitrators were guilty of improper conduct; 3. That the defendant did not assent to the agreement to waive exceptions and appeal, and therefore it bound neither party; 4. After-discovered testimony; and 5. That the arbitrators charged excessive fees.

The alleged fraud, as charged, consisted in this: that the defendant procured the award by giving false testimony in his own behalf, at the arbitration; there was no sufficient proof of misconduct on the part of the arbitrators; the allegation that the agreement for the finality of the submission was not assented to by the defendant is contradicted by the record; the after-discovered testimony amounts to nothing, and could not be taken advantage of in this manner if it did, while the alleged over-charge by the arbitrators furnishes no ground for setting aside their award. The proper place to raise this question is upon a taxation of the costs.

There is nothing to take the case out of the rule of law above referred to.

Judgment affirmed.