McRoberts, Appellant, *v.* Burns.

Argued April 1, 1952. Before Drew, C. J., Stearne, Jones, Bell and Chidsey, JJ.

*Charles F. Dean,* for appellant.

*Harry A. Estep,* for appellees.

130

It is difficult to understand the necessity for the interminable litigation in this case or the confusion which has permeated it.

This case originally involved two separate and distinct issues—(1) a counsel fee, and (2) an accounting of a few items—(a), sums of money received by defendant Burns for plaintiff and (b) sums of money advanced or disbursed to or for plaintiff by defendants, Burns, Packard and Mrs. Burns.

It would be well to keep in mind from the very beginning what the parties frequently forgot through their written briefs and oral arguments, viz., that this appeal involves only the question of a counsel fee.

In order to determine this question it will be necessary to review the following pertinent facts:

On October 13, 1939, James McRoberts, a brother of the plaintiff who is likewise the appellant, died intestate, unmarried and without issue. Mr. G. D. Shrum was engaged as attorney to represent the decedent's estate. Plaintiff was estranged from his family and had not seen them for forty years. Mr. Packard, a friend and tenant of the decedent knew of the family discord and asked the defendant, Mr. Bradley McK. Burns, an attorney in Pittsburgh, to try to locate the plaintiff. Through a search of court records, Burns ascertained that the plaintiff was an heir and shortly thereafter located him in the Garfield District of the City of Pittsburgh. Fifteen days after the decedent's death, plaintiff went with Packard to Burns' law office where he signed a lengthy power of attorney dated October 28, 1939, appointing Burns his attorney to "demand, sue for, recover and receive all . . . . personal property . . . and/or interest in real estate which are or shall be due, owing and payable to me from [the administrator] . . .

"And as and for compensation to my said attorney for his professional services, I hereby assign, set over and transfer thirty-three and a third per cent (33-1/3%), 'of any decree or decrees, judgment or judgments, settlement or settlements, sum or sums of money, personal property, chose or choses in action and/or interest or interests in real estate which may be recovered in any proceedings either at law or in equity or in any suit or suits, settlement or settlements' to him."

Plaintiff inherited no personal estate of the decedent since that was exhausted in the payment of debts, but merely an undivided interest in certain real estate, most of which was vacant unimproved property. The other heirs at first denied, but within a few months finally recognized plaintiff's relationship to the decedent.

Mr. Burns, on behalf of plaintiff, filed a petition for partition of decedent's real estate, and at that time made an agreement with plaintiff that there should be credited against and in reduction of Burns' above-mentioned contingent fee any fee plaintiff might become obligated to pay Burns in the partition proceedings. This agreement appears twice in the written record and counsel for Mr. Burns reiterated this agreement at the bar of this Court. In the partition proceeding it was admitted and it was later stipulated by order of the Court that plaintiff was an heir. As a result of presenting a petition for partition and initiating that proceeding on behalf of plaintiff, Mr. Burns received for his services therein, a total fee of $6500. Plaintiff's share of this fee was $812.50, which was actually received by defendant, Burns, who properly gave plaintiff credit for payment of the same.

The basic issue of "fee" was confused and complicated by frequent disputes between the parties as to some of their financial dealings. Burns collected cer-

tain rents and received various moneys for plaintiff; he made several advances and he and his wife and Packard made several loans to plaintiff.

Plaintiff filed a bill in equity to cancel the power of attorney which he had given to Burns on the allegation that it was obtained by fraud and further prayed for an accounting. This Court in *McRoberts v. Burns*, 348 Pa. 166, 34 A. 2d 519, affirmed the lower Court's decree of June 23, 1943, dismissing plaintiff's appeal on the ground that plaintiff had failed to prove fraud; but we specifically said: "Whether or not the fee charged was excessive we are not now called upon to adjudicate."

Plaintiff then petitioned the lower Court on January 3, 1945, (filed January 5, 1945) to open its final decree (as the Court in its original decree had permitted) for the sole purpose of an accounting. Included in and made a part of the petition was a stipulation by the parties agreeing that the decree of June 23, 1943, be opened up only for the purpose of an accounting; and further that neither the fee of $6,500 payable in the partition proceedings to Burns nor the interpretation of the power of attorney executed by plaintiff to defendant Burns, were to be considered in this proceeding. On the same day, to wit, January 3, 1945, the Court by McDONALD, J., after consideration of the petition and of the aforesaid stipulation, entered an order decreeing that the final decree entered by the Court on June 23, 1943, be opened for the following accounting purposes: (a) . . ., (b) . . ., (c) . . .; (d) . . ., (e) . . .; (f)—to ascertain the amount of money due and owing to or by plaintiff and defendants as specifically set forth therein;.

"And the Court, of its own motion, and in order to accomplish a final accounting as well as to put an end to the litigation between the parties, orders and directs that there be a hearing to construe and interpret the

Power of Attorney executed by James Altenbaugh Mc-Roberts in favor of Bradley McK. Burns, dated October 28, 1939, and that there be an accounting to ascertain the amount of money, if any, that is due and owing to Bradley McK. Burns by James Altenbaugh Mc-Roberts on account of such Power of Attorney, or for any other reason, to the end that there may be a final accounting between all the parties concerning all matters involved in this litigation."

Apparently all parties in interest agreed or made no objection to Judge McDonald's order or decree of January 3, 1945. Pursuant to this order of the court a hearing was held on June 25, 1946, before Judge Thompson. At that hearing the parties entered into the following stipulation: "The Court: It is stipulated by counsel representing both parties in interest here that a balance of *Two Thousand Dollars shall be paid to Bradley McK. Burns, Esq., in full settlement of counsel fees claimed by him in connection with this proceeding;* and in as much as an accounting has been made by Judge McDonald of various matters at issue between the parties; if this accounting shows a balance due Mr. Burns that balance shall be added to the Two Thousand Dollars attorney's fees now agreed upon. If it shows an indebtedness due from Mr. Burns the amount of that indebtedness *shall be deducted from* the $2000.00 *attorney's fees now agreed upon. And both parties agree to accept, without exception or appeal, the findings of Judge* McDonald; and when those findings are filed a settlement will be made."

On November 2, 1946, Judge McDonald filed a decree nisi as well as a preliminary statement and additional findings of fact and conclusions of law.

Judge McDonald then stated an account showing the exact amount due by or to each of the parties plaintiff and defendant with interest calculated thereon; and held that defendant, Burns, was not entitled to

any interest in the real estate under the power of attorney executed by plaintiff dated October 28, 1939, but that "Bradley McK. *Burns is entitled to compensation in the sum of Two Thousand ($2,000.00) Dollars for all services rendered under said Power of Attorney and otherwise* to James Altenbaugh McRoberts [plaintiff]."

Judge McDONALD then ordered the said power of attorney revoked and cancelled; and directed the payment of certain sums of money to various parties in interest in accordance with the accounting.

Notwithstanding the fact that the parties had stipulated before Judge THOMPSON, *"both parties agree to accept without exception or appeal the findings of Judge* McDONALD," defendant Burns filed exceptions to Judge McDONALD's findings of fact, conclusions of law, and decree nisi of November 2, 1946.

It appears to us clear that Mr. Burns did not object or except to the $2,000 attorney fee which he had already agreed to and which, as we shall hereinafter show, he could not abrogate, but was excepting to the items of credit and debit found by Judge McDONALD.

Judge McDONALD shortly thereafter died and the exceptions were therefore argued before a Court en banc which on March 12, 1948, filed a per curiam opinion. The court en banc gave a summary of the history of the case including the stipulation (a) that $2,000 had been agreed upon by the parties to be paid to defendant Bradley McK. Burns in full settlement of counsel fees claimed by him in connection with this proceeding, and (b) that both parties had agreed to accept, without exception or appeal, the findings of Judge McDONALD. The Court en banc then said: "Did counsel rely on the original adjudication before Judge McDONALD in agreeing to the stipulation, as counsel for the defendant contends; or did counsel expect the Chancellor to make new findings *outside the* $2,000

*agreed upon as added counsel fees to Bradley Burns—* as contended by counsel for plaintiff?" The Court en banc then made the following Order of Court "AND NOW, Mar. 12, 1948 the exceptions to the decree nisi of November 2, 1946 are hereby sustained, and the stipulation of June 25, 1946 is hereby cancelled and revoked. It is further ordered and directed that this proceeding be placed upon the equity trial list, to be referred to a chancellor for final disposition."

It seems to us that the only issue raised by the opinion and order of the Court en banc was the question of the debits and the credits which were contained in Judge McDONALD's original adjudication or the debits and the credits which Judge McDONALD would subsequently find in a new adjudication; but in no event was the $2,000 counsel fee to be considered or disturbed. However, defendant interpreted the order to mean that the parties were to have a new accounting as to all debits and credits, and likewise a new determination of defendant's counsel fee of $2,000.

If that is the correct interpretation of the order of the Court en banc, such order was improper, erroneous and illegal. Plaintiff and Mr. Burns, with the approval of the Court and their respective counsel, and after long and careful consideration, had agreed and stipulated that Mr. Burns' fee was to be $2,000. This was likewise specifically so found by Judge McDONALD in his opinion and decree of November 2, 1946; and in the parties' stipulation approved by the Court below June 25, 1946, both parties had agreed to accept without exception or appeal, the findings of Judge McDONALD. The reason for such a settlement is clear.

Plaintiff had contended (1) that defendant obtained from him a power of attorney without disclosing the fact that (as defendant knew) plaintiff became entitled to an undivided vested interest in decedent's real estate immediately upon decedent's death which real es-

tate would never pass to an administrator unless it was necessary for the payment of debts; and (2) that the power of attorney never contemplated the recovery of this real estate which had already vested in plaintiff, and (3) that a fee of $8,000 for the few services rendered by defendant to plaintiff in this case was excessive and unconscionable. The defendant himself and his attorney knew these contentions of the plaintiff at the time they made a settlement and stipulated for a fee of $2,000 in full settlement of Burns' claim to a one-third fee under the abovementioned power of attorney. Such a compromise agreement entered into with full knowledge of all the facts and the applicable principles of law, is binding upon the defendant and could not be set aside by a Court. As Justice STEARNE aptly said in *Mowry v. McWherter,* 365 Pa. 232, 74 A. 2d 154, (p. 238), "Where parties, sui juris, enter into an unambiguous agreement, with knowledge of the facts, the courts will not relieve them of their contractual obligations because of the questionable wisdom of the bargain: Owens v. Wehrle, 14 Pa. Superior Ct. 536; nor will the court reconstruct a contract for the parties: see generally 12 Am. Juris., Contracts, Section 228."

Moreover the law is well settled that when there is an agreement or stipulation that no exceptions will be filed, or no appeal taken, it is binding on the parties. *Mussina v. Hertzog,* 5 Binney 387; *Williams v. Danziger,* 91 Pa. 232; *McCahan v. Reamey,* 33 Pa. 535.

In *Williams v. Danziger,* 91 Pa., supra, Mr. Justice PAXSON said, (p. 233), "It was expressly agreed by the parties that the arbitration should be 'final and without exception or appeal.' The agreement was in writing, and comes up with the record. A party is precluded by an express agreement not to appeal and file exceptions. This is settled law."

In *McCahan v. Reamey,* 33 Pa., supra, Mr. Justice STRONG stated, (p. 536), "It is impossible for us to re-

verse this decision without entirely disregarding the stipulation which the parties made a part of their agreement of submission, namely, that neither party should have a right to except."

These authorities are determinative and decisive of this case; *Melnick v. Binenstock*, 318 Pa. 533, 179 A. 77, relied upon by defendant, is distinguishable on its unusual facts.

It is clear that that case does not hold that a valid settlement, which is approved by the Court and is supplemented by an agreement not to file exceptions or take an appeal, can be disregarded at will by one of the parties or that it is not binding according to its terms.

At a subsequent equity hearing, the chancellor, Judge MUSMANNO, misled by defendant's demands, took testimony as to the reasonableness of the counsel fee claimed by Mr. Burns and found that a one-third fee (as provided in the power of attorney) was excessive, and that $6,000 was a reasonable fee. Judge MUS-MANNO approved and incorporated in his decree of January 5, 1952, a memorandum submitted by counsel for defendant Burns, and found that, exclusive of the counsel fee, defendant Burns and Mrs. Burns and Packard owed plaintiff the sum of $818.72. Defendants' objections to Judge McDONALD's accounting which resulted in all this litigation seem strange in view of the fact that their last memorandum was in exact accord with the accounting filed by Judge McDONALD, the only differences being (1) that the account was not set up in the same detailed itemized manner as was Judge McDONALD's, and (2) the interest was brought up to date.

Contrary to defendant's belief, he has suffered neither injustice nor inequity. It is justice, not injustice, to maintain and enforce an agreement which with full knowledge of all the facts and the law and

with the approval of the court defendant voluntarily made. As a result of defendant's discovering plaintiff's whereabouts and kinship, and the partition proceedings, plaintiff received land worth approximately $24,000, and defendant received counsel fees totaling $7,687.00.

In order to avoid further confusion, litigation or delay, we decide that plaintiff owes defendant, Bradley McK. Burns, a counsel fee of $2,000; that plaintiff is entitled to a credit on account in the sum of $812.50; that the three defendants owe plaintiff the sum of $818.72; that this leaves a balance or total sum due by plaintiff to the three defendants of $368.78, with interest at 6% per annum from January 5, 1952, to date of payment.

The decree as thus modified is affirmed. Each party shall pay his respective costs.