Butler Township School District, Appellant, *v.* Butler City School District.

Argued March 27, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 79,

reargument refused June 26, 1953.

*Darrell L. Gregg,* with him *Luther C. Braham* and *Galbreath, Braham & Gregg,* for appellant.

*Zeno F. Henninger,* with him *William C. Robinson, John H. Jackson, Henninger & Robinson* and *Jackson & Troutman,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 25, 1953:

This is a proceeding for a declaratory judgment to construe a contract of jointure entered into between the plaintiff, The School District of Butler Township, Butler County, Pennsylvania, and defendant, The School District of the City of Butler.

On July 16, 1951, the plaintiff and the defendant, two third class school districts, entered into a general contract for joint operation of the school.

No complaint is made as to the power of the respective school districts to enter into such a contract, nor that said contract was not legally consummated. The contract itself was made under §1701 et seq. of the Public School Code of 1949, 24 PS §17-1701 et seq.

Pursuant to appropriate resolutions, and by authority of the above sections of the School Code, the respective school districts entered into a "Jointure Agreement." This contained the following provisions:

"21. This agreement shall be effective upon approval by a majority vote of the City of Butler School Board and the Butler Township School Board. This agreement shall include the total operations of the Joint School District for the 1951-1952 school year."

"22. This agreement may be modified, supplemented, or terminated only by a majority affirmative vote of

each of the school boards of the Butler Township School District and the City of Butler School District and, in the event of the addition of other school districts as members, then by the majority affirmative vote of each of the school boards of the school districts qualified as members, or in such other manner as may be designated by the School Code or any amendments thereto."

"27. The member boards to this joint agreement agree to submit to a vote of the people the question of a merger[1] of the Butler Township School District and the City of Butler School District upon the majority affirmative vote of each of the school boards of the School Districts of Butler Township and the City of Butler. *This may be done only after the expiration of at least three years experience under this joint agreement* unless the Joint Operating Committee, by majority vote, recommends that a vote on merger be taken at an earlier date, after the majority affirmative vote of each of the school boards of the Butler Township School District and the City of Butler School District and the proper filing of the necessary petitions." (Italics supplied).

The agreement went into effect as of July 2, 1951, and continued in operation for the term of the school year 1951-1952. The school district of Butler Township, the plaintiff (appellant), at its meeting on June 30, 1952, passed a resolution that the jointure agreement of July 16, 1951, creating joint operation, not be renewed for the school year 1952-53.

The school district of the City of Butler contended that, by virtue of the express terms of the contract, it did not expire on June 30. The court below decided in favor of the school district of the City of Butler, to

---

[1] Distinct from jointure, under §261 of the Public School Code of 1949, 24 P.S. §2-261 et seq.

wit that at the time of the notice the contract could not then be legally terminated.

The appellant contends that under the 22nd paragraph the contract is perpetual, unless both school districts agree to its termination, and that because of this the contract is void. But this overlooks the provisions of the 27th paragraph of the contract, which provides that at the expiration of three years the parties shall submit the question of merger to the people of the respective districts. We construe paragraph 27, with relation to the remaining parts of the agreement, to mean that upon the failure of said merger from any cause, this jointure also fails or expires; but not until then.

Certainly the provision for jointure for a period of three years is valid: *Irwin Borough School District v. North Huntingdon Township School District*, 358 Pa. 78, 55 A. 2d 740, where this Court approved a period of thirty years. Therefore the jointure agreement cannot be terminated within the three years specified under the 27th paragraph above quoted. This decides the principal question at issue.

The contract in relation to the 27th paragraph is not ambiguous, and the court did not err in rejecting testimony to show the facts and circumstances surrounding the making of the contract. Likewise the court did not err in refusing offers of testimony to show the interpretation given the contract by the parties, nor in rejecting offers of testimony to show the intent and purpose of the jointure, or that it was detrimental to the public interest generally. See *Gianni v. R. Russell & Co., Inc.* 281 Pa. 320, 323, 126 A. 791, and the many cases that have followed it.

It may be observed that the petition for the declaratory judgment did not aver fraud, accident or mistake. See *Toye v. Exeter Borough School District*, 225

Pa. 236, 74 A. 60. The acts of the parties to the contract cannot be considered in respect to its construction where the writing is clear and unambiguous: *Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre,* 356 Pa. 226, 51 A. 2d 719.

Order affirmed.