Gately and Fitzgerald, Appellant, *v.* Saladoff.

Argued March 20, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Edwin Fischer,* with him *Harry Fischer,* for appellant.

*Henry Arronson,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

Plaintiff, Gately and Fitzgerald, a corporation, filed the complaint in assumpsit to recover the sum of $463.50 as rentals paid in advance to the defendant under the terms of a written lease. On July 23, 1951, the parties entered into a written arrangement whereby the plaintiff was to be released from the balance of the term of the lease in consideration of the payment of $927. There was a further understanding that in the event the landlord would be successful "in leasing the first floor and basement prior to September 30, 1951, a proportionate share of the rentals received from the premises shall be rebated" to the plaintiff.

In the latter part of August, 1951, the agent of defendant leased the first floor and basement of said premises to Keystone Sales Company with the understanding that said Keystone Sales Company would take possession forthwith and make certain repairs. Rent, however, was not to begin until October 1, 1951. Accordingly, the new tenant paid no rent whatever for any period prior to October 1, 1951. The defendant did receive the sum of $275 for one month's rent which became due October 1, 1951, in advance. The trial was had, without a jury, before Judge LINTON. The

court found for the defendant. Motions for new trial and for judgment n.o.v. were filed. Both motions were refused and judgment was entered on the finding of the court. This appeal is taken from that judgment.

Plaintiff claims that it is entitled to a refund of rental paid in advance for the period covered by the lease of the new tenant. Defendant denies liability because he received no rent until October 1, 1951, despite the fact that the premises were occupied from August 25. The claim is based on plaintiff's interpretation of paragraphs in each of two letters between the parties. On July 12, plaintiff wrote to defendant, inter alia: "If you succeed in renting the Gately and Fitzgerald space then you are to refund to me the rent for so much of the above period as will be covered by the lease or leases with such new tenants." On July 23, plaintiff-tenant paid three months' rent and thereby obtained a release from further liability under the lease. What was the intent of the parties? It seems to us that if the landlord succeeded in renting and receiving rents for the three months or any part thereof, a proportionate share would belong to the tenant. The real fact to be considered is not merely the renting of the premises for the period in question but the actual receiving of money by way of rent. The defendant received no rent until October 1.

The primary object in the interpretation of any writing is to ascertain and effectuate the intention of the parties. *Markides v. Soffer*, 172 Pa. Superior Ct. 215, 93 A. 2d 99. But "Where the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent." *Atlantic Refining Company v. Wyoming National Bank of Wilkes-Barre*, 356 Pa. 226, 233, 51 A. 2d 719. There can certainly be no doubt that the meaning of defendant's letter of July 23 is that refunds

would be payable only in the event that rentals were actually received from the new tenant, since those are the express words used. Plaintiff urges that such was not the intent of the wording in his letter of July 12, and that defendant's letter was self-serving and attempted to effect an ambiguity. We cannot agree with this contention. It is inconceivable that the parties intended a rebate if no rentals were received from the new tenant, for the defendant would then be permitting an occupancy without compensation. Common sense dictates that if such a result were contemplated, defendant would never have agreed to release plaintiff from its obligations. We interpret this contract to express the intention of both parties that defendant was not to receive double rent for any period within the three months specified; if such event arose, a rebate was to follow. Defendant's letter therefore merely expressed more specifically what had already been agreed to by plaintiff, and did not create an ambiguity, as alleged.

Judgment affirmed.