Best, Appellant, *v.* Realty Management Corporation.

Argued October 7, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Albert M. Cohen,* with him *Louis A. Bloom,* for appellants.

*Thomas J. Burke,* with him *H. Lester Haws* and *R. Winfield Baile,* for appellee.

OPINION BY ROSS, J., December 29, 1953:

This appeal is from the refusal of the Court of Common Pleas of Delaware County to enter judgment on

the pleadings for the plaintiffs in an action of assumpsit for the recovery of a down payment on realty.

On March 31, 1951 plaintiffs as vendee and defendant as vendor executed a written agreement for the purchase of a house then under construction by the defendant corporation. Plaintiffs paid $2,025 on account of the stipulated price of $13,415. The instrument contained the following so-called "escalator clause": "14. It is mutually agreed that in the event of the increase in the cost of said labor (or for any part thereof), then and in that event the seller shall have the option to increase the price of the property, the subject of this agreement, in an amount equal to the increased cost of said labor, and/or said materials or both. Purchaser/s shall be notified in writing of said increase as aforesaid, if any, and purchaser/s shall elect within five days to pay the increased cost as set forth in said written notice to him, or to request the return of Purchaser/s deposit (or deposits). Seller may elect, even in the event of an increase in cost of labor or material, to accept as the full consideration the purchase price herein set forth."

On April 25, 1952 the defendant notified the plaintiffs' attorney by letter of an increase of $400, in accordance with paragraph 14. By letter of April 30 plaintiffs rejected the increase and demanded return of their down payment, which was refused. Plaintiffs then brought assumpsit, defendant filed an answer, plaintiffs' motion for judgment on the pleadings was refused by the court en banc, and this appeal followed.

Our decision depends necessarily upon the construction of paragraph 14 of the contract. Appellants' position is that when they received notice of an increase in price they then had the option of accepting and binding themselves to pay $400 more for the house, or of rescinding, and that by timely notice to appellee of

their intention to rescind they effectively nullified the contract and terminated all contractual rights and duties thereunder. Appellee, on the other hand, contends, and the court below held, that the reasonable meaning of the paragraph is that the seller upon learning that the cost of its labor and materials had increased could notify the purchasers of such increase, whereupon the purchasers could accept and pay the increased price or could notify the seller of their decision to rescind. It was then the seller's option either to terminate the contract by accepting the offer of rescission, or to hold the purchasers to the original price. In short, that the purchasers' notice to rescind did not finally and conclusively bind the seller to rescission but only restrained it from receiving the increase in price; that contractual rights and duties were extinguishable only by the seller's acceptance of the offer of rescission and that having rejected such offer, appellee still had the alternative contractual right to hold its purchasers to their original obligation. We agree that this is the reasonable construction of paragraph 14. Appellants' interpretation entirely ignores and renders meaningless the last sentence of the "escalator clause", and such interpretation is untenable for the reason that no part of a written contract shall be rejected if it can be given meaning. *Markides v. Soffer,* 172 Pa. Superior Ct. 215, 93 A. 2d 99. As stated by the learned court below, "If we adopted this construction, the third sentence would be unnecessary because it would then give the seller no rights which it did not already have."

Appellants argue that the last sentence of the relevant clause should be transposed into the body of the paragraph with the resultant conclusion that acceptance of their offer of rescission was mandatory on the part of appellee. We disagree. A court is not authorized to construe a written contract in such a way as

to modify the plain meaning of its words, under the guise of interpretation. *Central-Penn Nat. Bank v. Firestone Tire & Rubber Co.,* 154 Pa. Superior Ct. 70, 35 A. 2d 794. We cannot rewrite the contract but must construe it in conformity with the written form to which the parties have attached their signatures. *Walker v. Saricks,* 360 Pa. 594, 63 A. 2d 9; *Gately & Fitzgerald v. Saladoff,* 174 Pa. Superior Ct. 56, 98 A. 2d 258. Likewise, the acts of the parties cannot be considered in our interpretation of an instrument where the writing is clear and unambiguous. *Butler Township School District v. Butler City School District,* 374 Pa. 96, 97 A. 2d 360.

Appellants contend further that if the seller had a right to bind them to the contract at its original purchase price it did not plead a proper exercise of the right, that the averment in its answer that "it is and has been willing to convey to the plaintiffs at the original consideration stated in the Agreement of Sale" is insufficient in the absence of an averment of previous notice to that effect, and that there is lack of mutuality of obligation. There is no merit in this contention. Appellee, by refusing appellants' offer of rescission elected to exercise the right conferred on it by the last sentence of paragraph 14, and there is no averment that appellants were misled or relied to their injury upon any other inference as to appellee's position in the matter. The fact that one party is given an option not accorded to the other does not, per se, render such contract void for lack of mutuality of obligation. As stated in *Williston on Contracts,* Rev. Ed., (1938), sec. 141, p. 504: "If the option goes so far as to render illusory the promise of the party given the option, there is indeed no sufficient consideration, and therefore no contract, but *the mere fact that the option prevents the mutual promises from being coextensive does not pre-*

*vent both promises from being binding according to their respective terms.* A court of equity might indeed refuse to enforce specifically such a contract if it seemed oppressive, but to deny its legal validity is to contradict directly the numerous cases which hold adequacy of consideration is a matter exclusively for the decision of the parties . . . . [T]he obligations of the parties to a contract need not be substantially equal." (Italics ours.)

Appellants have doubtless undergone a change of mind regarding this transaction. However, where parties enter into an unambiguous agreement with knowledge of the facts, the courts will not relieve them of their contractual obligations because of what, in retrospect, may appear to have been questionable wisdom on their part in entering into the agreement. *McRoberts v. Burns,* 371 Pa. 129, 88 A. 2d 741.

Order affirmed.