## Triangle Publications, Inc., v. Bell et al., Trading

*Harold E. Kohn, Dilworth, Paxson, Kalish & Green* and *Frank J. Bowden,* for plaintiff.

*I. Bernard Rotberg,* for defendant.

GRIFFITHS, J., May 18, 1954.—Plaintiff and defendants on November 16, 1952, entered into an advertising contract whereby it was agreed plaintiff would charge defendants a certain price per line for advertising if the advertising were to run a minimum of two lines every day for six months. Pursuant to this contract, defendants placed some advertising which was published with plaintiff newspaper. On March 15, 1953, plaintiff refused to accept further advertising from defendants and plaintiff thereafter sued defendants for $252 and interest owing to it for advertising

already published. Defendants filed a counterclaim to the complaint based upon the advertising contract entered into between plaintiff and defendants on November 16, 1952, alleging that plaintiff breached the advertising contract, thus causing defendants damage in the amount of $11,100. The counterclaim further alleges that plaintiff in breaching the contract acted in concert with other advertisers of similar products as defendants' (automobiles) with the intention of reducing defendants' sales in competition with other auto dealers. Because of this, defendants seek punitive damages in the amount of $25,000.

Plaintiff filed five preliminary objections to the counterclaim. Because of the view the court takes in this case, it will only be necessary to consider the fifth one of these, which is in the nature of a demurrer. By demurring plaintiff admits all of the facts properly pleaded by defendants but urges as a matter of law they do not create a contract: Rhodes v. Terheyden, 272 Pa. 397, 401.

Defendants in order to maintain their counterclaim must prove that a contract binding upon both parties existed and that this contract was breached. A contract binds both parties or neither. The terms of a contract are established by the objective manifestations of the parties, such as the words they use and the common meaning given to these words in the context in which they appear. In this instance, the objective manifestation of the parties to this contract appears in the agreement entered into between them. Gately and Fitzgerald v. Saladoff, 174 Pa. Superior Ct. 56 (1953).

In order for there to be a contract there must be an offer and an acceptance: Rich v. G. W. Pifer Sons, 100 Pa. Superior Ct. 483. An offer, if accepted, binds the offeror to comply with the terms of its offer. In this case, in order for there to be a contract, it must appear from its objective manifestations that plain-

tiff intended to bind itself to advertise a minimum of two lines a day for six months. The court is of the opinion no such manifestation existed. The contract states:

"If payment is not made within this period (ten days after end of month) the Philadelphia Inquirer may refuse to insert further advertising. If advertising is stopped for this or any other reason before completion of this agreement the undersigned advertiser agrees to pay for space used at the rate earned according to schedule of rates printed on the reverse side hereof. . . ."

It is clear from this that the parties did not intend to bind plaintiff newspaper to advertise for six months. The language in the contract indicates the newspaper could refuse to insert further advertising at any time for *any reason*. Defendants seek to change the scope of the phrase "for any reason" and have the court interpret it as meaning "for any reason which results from a breach by the advertiser." The basis defendants give for this interpretation is that the above contract first gives the newspaper the right to refuse further advertising upon nonpayment by the advertiser (which is a breach by the advertiser) and then goes on to give the newspaper this right for any other reason. Defendants assume from this sequence that the advertiser must first breach its contract before the newspaper may refuse to publish more advertising. The meaning of the phrase "any other reason" is clear and it is inconsistent with defendants' interpretation. The contract does not read "for any reason arising out of breach" and the clear meaning of its terms cannot be changed.

The case of Paxtang Electric Co. v. Astrich, 17 Dist. R. 792, cited by defendants, is not in point because in that case there was no such contract as is present here.

It appears then, from the above, that in order to maintain its counterclaim defendants would have to prove a contract existed between plaintiff and defendants to advertise for a fixed time. It further appears that as a matter of law no such contract existed. Consequently, plaintiff's fifth preliminary objection, which is in the form of a demurrer, must be sustained.

Therefore, the court enters the following

*Order*

And now, May 18, 1954, plaintiff's fifth preliminary objection to the counterclaim of defendants is sustained and defendants' counterclaim is dismissed.