## Chester Holding Corporation Appeal.

Argued June 4, 1957.  Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Marcus Manoff*, with him *Robert B. Greer, Butler, Beatty, Greer & Johnson*, and *Dilworth, Paxson, Kalish & Green*, for appellant.

*Ralph L. Lindenmuth*, with him *Jacob Sapovits* and *Lindenmuth & Class*, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 30, 1957:

This appeal is from an order determining the appellant's real estate assessment for local tax purposes for a particular year.  The order rests upon findings of fact competently made and logically reasoned by the court below and affords no basis for intelligent appellate review on the merits.

The appellant's contention that the order entered by the single judge who heard the assessment appeal

is not properly a final order, is without merit. The procedure to be pursued when exceptions are filed to the court's decision on an appeal from a real property assessment, as recommended in *Lehigh & Wilkes-Barre Coal Company's Assessment,* 225 Pa. 272, 275, 278, 74 A. 65, has been "more honored in the breach than the observance." Since the decision in the *Lehigh & Wilkes-Barre* case, supra, many assessment appeals to the courts of common pleas have been heard and appeals therefrom to this court entertained where but one judge heard the assessment appeal below and alone disposed of exceptions to his decision. As recognized in the *Lehigh & Wilkes-Barre* case, "In a county having more than one judge whether the hearing shall be before a single judge, or before two or more judges, is a matter of convenience and practice." Obviously, it cannot be said that there is any hard and fast rule in the premises when, as thus recognized, the number of judges necessary to hear such an appeal is "a matter of convenience and practice" even in counties having more than one judge.

Notwithstanding *dicta* to be found in several opinions of this court (see, e.g., *Lehigh Valley Coal Co. v. Northumberland Co. Commissioners,* 250 Pa. 515, 523, 95 A. 712, and *Delaware, Lackawanna & Western Railroad Company's Tax Assessment (No. 1),* 224 Pa. 240, 244, 245, 73 A. 429), it is a mistake to analogize the hearing by a common pleas court of an appeal from a real estate assessment with an equity proceeding. The right to such an appeal exists by virtue of express statutory grant for the exercise whereof the court's jurisdiction is invoked at law, and the relief which the appellant seeks comes, if at all, as a matter of right and not of grace.

Order affirmed.