Yeadon Borough Appeal.

Argued April 28, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

George H. Class, with him Ralph L. Lindenmuth, and Lindenmuth and Class, for appellants.

Murray L. Schwartz, with him Robert B. Greer, Marcus Manoff, and Butler, Beatty, Greer & Johnson, and Dilworth, Paxson, Kalish, Kohn & Dilks, for property owner, appellee.

Jacob Sapovits, Solicitor, for Board of Assessment and Revision of Taxes, appellee.

OPINION BY MR. JUSTICE COHEN, July 25, 1958:

An assessment in the amount of $1,000,000 was made for the year 1956 on a theretofore unassessed Delaware County property by subordinate assessors.[1] The owners of the property appealed from the assessment to the Board of Assessment and Revision of Taxes which reduced the valuation by $250,000 and fixed

---

[1] This assessment was made pursuant to the provisions of the Act of June 26, 1931, P.L. 1379, as amended, 72 P.S. §§5342-5350k (Supp.) relating to the assessment and revision of taxes in counties of the third class.

the assessment at $750,000. The Borough of Yeadon and the School District of the Borough then appealed from the board's order to the court of common pleas which court by order and opinion dated January 15, 1957, restored the amount cut and increased the assessment for 1956 to $1,000,000.[2]

In the meanwhile, prior to the court's order increasing the *1956* assessment to $1,000,000, the subordinate assessors had valued the property for the year *1957* at $750,000, and on October 1, 1956, the board published this assessment in its 1957 assessment roll. The roll was available to the public from October 1, 1956 until November 1, 1956, but no appeal was filed during this period with the board. On January 24, 1957, the Board of Assessment and Revision of Taxes notified the borough and school district by letters that the assessment for the property for the year *1957* had been fixed at $750,000. Thereafter, on February 11, 1957, the borough and school district filed appeals with the board which were dismissed because they were not timely filed.[3] The borough and school district then filed further appeals with the court below which the court dismissed affirming the board's determination that the appeals first taken to it had been filed too late. Review of this dismissal is now sought.

The Act of 1931 provides that any person aggrieved by an assessment may appeal therefrom to the Board of Assessment and Revision of Taxes on or before the first day of November next following the assessment.

---

[2] *Affirmed sub nom. Chester Holding Corp. Appeal*, 390 Pa. 152, 134 A. 2d 668 (1957).

[3] The borough and the school district also had taken appeals on January 22, 1957, (before the letter of notice from the board), to the court of common pleas directly. These appeals were dismissed by the court on the ground that the borough and the school district had not exhausted the statutory remedy of an appeal to the board provided by the Act of 1931.

Act of June 26, 1931, P.L. 1379, §8(c), as amended, 72 P.S. §5349(c).

Appellants concede that they failed to perfect their appeals to the board within the time requirements of the Act of 1931, but nevertheless rely upon the 1956 amendment thereto as curing the defects. The pertinent text of the amendment follows: "When the board . . . shall fix the valuation of property which has not theretofore been separately fixed, whether such . . . new valuation is made before or after an appeal has been heard by the board or by the court of common pleas, the board shall give notice of such . . . new valuation . . . *to the secretary of the school district in which the assessed property is located, and to the secretary of the borough . . . in which the assessed property is located. The time limit within which the . . . borough . . . and school district is entitled to appeal from the actions of the board or from the decision of the court of common pleas shall commence to run on the day such notice is mailed or otherwise delivered."* Act of February 28, 1956, P.L. 1194 (1955), §1, 72 P.S. §5349.1 (Supp.) (Emphasis supplied).

The borough and the school district contend that since the appeal from the *1956* assessment on the property was still being litigated in the courts, this assessment was as yet undetermined and not "separately fixed." Hence, they reason that when the 1957 valuation of $750,000 was made, it was an assessment on property which had theretofore not been separately assessed, and consequently they had thirty days after written notice of the 1957 assessment to appeal therefrom to the court of common pleas. Since their appeals were taken within the prescribed thirty days, they conclude that they were timely filed in the court below, if not with the board, and therefore should not have been dismissed.

Passing over the question of the applicability of this provision to the present situation and coming to the core of the argument, we find it devoid of merit. The assessment of the property in question had been separately, and indeed "finally" fixed by the actions of the board in 1956 in listing the property on the assessment roll for that year [4] and in subsequently reducing its valuation.[5]

The fact that an appeal from the board's 1956 "finally fixed" assessment was pending at the time of the assessment for 1957 is thus totally irrelevant in computing the period for taking appeals therefrom to the board and to the court of common pleas. The board's action in sending notice to the borough and the school district of the 1957 assessment was a gratuitous and unnecessary act and cannot operate to extend the time for taking appeals since no such notice was required to be given either by the act of 1931 or the amendment of 1956. The borough and the school district had the period from October 1, 1956 to November 1, 1956, in which to appeal the 1957 assessment of the property as published and fixed by the board. Their failure to do so cannot now be remedied.

Orders affirmed.

---

[4] "Upon completion of the assessment roll but in no event later than the first day of October, the board shall cause to be mailed to each owner of property or person assessed, the value of whose property or personal assessment *has not theretofore been separately fixed* . . . the amount of the new assessment." Act of June 26, 1931, P.L. §1379, §8(b), as amended, 72 P.S. §5349(b) (Emphasis supplied).

[5] "*After action on such assessments by said board*, any dissatisfied taxable may, within thirty days from the *final fixing of his assessment and valuation*, appeal therefrom to the court of common pleas. . . ." Act of June 26, 1931, P.L. 1379, §9, as amended, 72 P.S. §5350 (Supp.) (Emphasis supplied).