Commonwealth ex rel. Fischer, Appellant, *v.*
Fischer.

204

Argued June 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Francis T. Anderson,* for appellant.

*Bernard L. Segal,* with him *Emanuel Romm,* for appellee.

OPINION BY WRIGHT, J., September 16, 1965:

Martha Fischer has appealed from an order of the County Court of Philadelphia entered in a support proceeding on December 18, 1964, which order discharged a rule to show cause why an order previously entered

by agreement should not be vacated. It will be necessary to briefly summarize the factual and procedural situation revealed by our review of this voluminous original record.

Albert and Martha Fischer were married in 1929 and had one child, a son now an adult serving in the Marine Corps. In 1941 the wife obtained a divorce on the grounds of desertion. Several weeks after the divorce, according to the wife's testimony, she went back to live with her husband. Her theory is that there was a common law remarriage. See *Wagner Estate,* 398 Pa. 531, 159 A. 2d 495. We agree with the hearing judge that the wife's testimony is not credible, and there is considerable basis for the eventual conclusion below that there was no common law remarriage. However, it is unnecessary to decide this question, and we expressly do not do so.

The instant proceeding commenced with a petition for support filed on May 5, 1964. After taking the testimony of the parties, the hearing judge entered an order on September 14, 1964, calling for the payment of $15.00 per week. The reason for this order, as stated in the opinion below, appears in the footnote.[1] On September 17, 1964, the husband presented a petition for rehearing and reconsideration, which was granted. Additional testimony was taken on October 14, 1964, from a number of witnesses on each side, and decision was reserved. At an adjourned hearing on November 2, 1964, the parties arrived at a settlement by virtue of

---

[1] "At the conclusion of a prolonged hearing, we felt that, because of the unusual factual picture presented by this case, an appeal to the Superior Court was inevitable. Because we believed that the respondent was better able to sustain the burden of an appeal, we entered an order in the sum of $15.00 per week, although we had grave doubts as to whether the petitioner had established a common law marriage even if all her testimony were believed".

which the petition for support was dismissed with prejudice. The hearing judge at that time noted in parenthesis a finding of fact that there was no common law marriage.[2] As a result of the settlement, Mrs. Fischer received the sum of $500.00, and her attorney, Lisa A. Richette, received the sum of $200.00.

On December 14, 1964, Mrs. Fischer, through her present counsel, obtained a rule to show cause why the order of November 2, 1964, should not be vacated and the support proceeding reinstated. The allegations in her petition for the rule were (1) that she never intended to agree to the settlement, (2) that she did not sign an agreement to that effect, and (3) that she was misled by her attorney's advice. Additional testimony, including that of Mrs. Richette who had negotiated the settlement as Mrs. Fischer's counsel, was taken on December 18, 1964. The hearing judge thereafter discharged the rule and, as previously indicated, Mrs. Fischer has appealed.

The record discloses that Mrs. Fischer is a mature, intelligent, sophisticated woman with two years of college education. She had been married and divorced prior to her marriage to Fischer. Both her attorney and the hearing judge conducted an examination as to her understanding of the settlement. We are convinced that Mrs. Fischer knew exactly what she was doing, that she was fully aware of the significance of the settlement, and that she was not misled in any manner. The record is entirely devoid of any suggestion of fraud or imposition. See *Berg v. Cypher*, 291 Pa. 276, 139 A. 844; *Commonwealth ex rel. Jablonski*

---

[2] ". . . I put it in there for a reason. If this matter came up by the Department of Public Assistance, rather than go into the whole matter again to make a determination as to whether or not there is a common-law marriage, I would specify I, having heard the case, found there was no common-law marriage, but I had nc need for it if she withdrew her case".

*v. Jablonski,* 179 Pa. Superior Ct. 498, 118 A. 2d 222. There were serious questions in the case, not only as to the existence of a common law remarriage, but also as to whether the husband, sixty odd years of age and with his right hand missing, has any present earning capacity. We are not in sympathy with this effort to avoid an agreement reached in open court between parties properly represented by counsel, and in which the hearing judge himself participated. See *McRoberts v. Burns,* 371 Pa. 129, 88 A. 2d 741.

Order affirmed.