## Appeal of Upper Darby School District

*R. Winfield Baile,* for appellant.

*Donald J. Orlowsky,* for appellee.

CATANIA, J., January 25, 1966.—This case involves the 1964 and 1965 real estate assessments on an apartment house development known as Park Lane East located in Upper Darby Township.

The owner and appellee is a corporation known as Fortjoy Development Company ("Fortjoy").

The land involved here, some 9.8 acres, was assessed at $43,000 for the year 1964, and that assessment appeared on the 1964 tax duplicate issued to the School District of the Township of Upper Darby ("district"). In August of 1964, an interim assessment of $238,600 was placed on the apartment buildings, from which assessment Fortjoy appealed to the board, and the taxing districts were notified of this assessment on September 1, 1964. That notice showed the original assessment to be $43,000, the increase $238,600 and "the new 1965 assessment", $281,600. The board, after hearing, notified all parties on October 9, 1964, that the assessment had been "held at $238,600". Upon receiving the tax bill for $238,600 *additional* assessment, Fortjoy appealed to this court.

Fortjoy contended that it had been assured by the board of assessment that the $238,600 assessment *included* the original $43,000 assessment, and was not in addition to it.

The district (appellant), on the other hand, maintained that the assessment was $281,600, since that amount was shown on its 1964 tax duplicate, and that it had received no notice of any change.

On May 12, *1965*, the district received its *1965* tax duplicate, which showed the assessment to be $238,600 for 1965.

The Fortjoy company now petitions this court to dismiss the appeal because, first, it was not filed on

time and, second, the district had not first appealed to the board from the 1965 assessment, and thus it had failed to follow properly the statutory procedure.

Upon this petition and appeal, argument was heard by the court en banc, and is now ready for disposition.

Since it is a well-established fact that a taxing authority has the same right to appeal as a taxable and that that right must be pursued in the same manner and follow the same procedure as is established by statute for taxables to follow, the district's appeal must be dismissed: Yeadon Borough Appeal, 393 Pa. 552 (1958); Appeal from Certified Assessment, 45 Luz. 175 (1955).

In this case, no one appealed to the board from the 1965 assessment. The district, therefore, cannot take an appeal to this court from the 1965 assessment fixed by the board, since it failed to appeal to the board first.

If this appeal is considered as applicable to the *1964* assessment, it must likewise be dismissed, since it failed to follow the Third Class County Assessment Law of June 26, 1931, P. L. 1379, as amended, 72 PS §§5349.1 and 5350. This act requires that such appeal must be filed within 30 days from the date of notice of change of assessment. Appellant had received notice of the $238,600 assessment on November 6, 1964, when it was served with a copy of an appeal petition, filed by petitioner therein, from an interim assessment on the subject property. Having failed to file an appeal from this assessment, appellant is guilty of laches and, therefore, cannot prevail in this appeal.

Wherefore, we make the following:

### ORDER

And now, to wit, January 25, 1966, the appeal of the Upper Darby Township School District be and the same is hereby dismissed.