## Washington Mall *v.* Board for the Assessment and Revision of Taxes, Washington County.

Argued September 9, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Stephen I. Richman,* with him *Greenlee, Richman, Derrico & Posa,* for appellant.

*William C. Porter,* Assistant County Solicitor, for appellee.

OPINION BY JUDGE MANDERINO, December 31, 1971:

Washington Mall (appellant) has filed an appeal from an order of the Washington County Court of Common Pleas entered on March 25, 1971. The appeal was not filed in the Commonwealth Court until May 3, 1971, thirty-nine days after the entry of the order in the court below. Washington County (appellee) moved that the appeal be quashed because it was not timely filed. The motion to quash is granted.

The motion to quash is based on Section 502(a) of the Appellate Court Jurisdiction Act which states that: ". . . an appeal under this act from any order shall be filed within thirty days of its entry." (Act of July 31, 1970, P. L. 673, Act No. 223, 17 P.S. 211.502(a)).

There is no dispute that the appeal was filed after the expiration of the thirty-day period from the entry of the order below on March 25. Washington Mall asks that the thirty-day period be ignored and submits several arguments.

Washington Mall contends that there is some confusion concerning the proper time for appeal because prior to the Appellate Court Jurisdiction Act setting a thirty-day time limit for appeals, a longer appeal period was permitted under the Fourth to Eighth Class

County Assessment Law (Act of May 21, 1943, P. L. 571, 72 P.S. 5453.705), which provided that an appeal from a tax assessment case be taken within three months of the order effecting the assessment. The appellee answers this argument by asserting a stipulation entered into by both parties and approved by the lower court on September 15, 1970, providing that the order of the court en banc in Washington County should be final and appealable and that any appeal taken be taken according to the provisions of the Appellate Court Jurisdiction Act including the time limitations.

Appellee further asserts that this stipulation has the effect of estopping appellant from raising the applicability of the three month time limitation. We agree with the appellee on this particular point since parties may stipulate any matter involving individual rights and obligations among themselves. Parties may stipulate that no appeal will be filed and such stipulations are valid. *McRoberts v. Burns,* 371 Pa. 129, 88 A. 2d 741 (1952).

Secondly, the appellant argues that the thirty-day time limitation for taking an appeal under the Appellate Court Jurisdiction Act is merely directory and does not mandate precise compliance in all circumstances. This contention, however, is not consistent with previous judicial determinations that statutes prescribing time limitations for the taking of appeals are mandatory. *See Kravitz v. Zoning Board of Adjustment,* 415 Pa. 97, 202 A. 2d 64 (1964) ; *Blank v. Board of Adjustment,* 390 Pa. 636, 136 A. 2d 695 (1957).

Thirdly, appellant argues that since his failure to comply with the applicable time limitation was due to the unique circumstances of gaining admission to a new court complicated by information given to counsel over the telephone by court personnel, his delay in filing the appeal is justifiable. We cannot agree. While it is true that there are and have been situations where

time limitations for taking appeals have correctly been enlarged by the courts, these occasions must be extraordinary and must involve fraud or some breakdown in the court's operation through a default of its officers. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938). In our opinion the facts of this case do not meet the above criteria. It would be unrealistic to say that appellant, through no fault of his own or of his counsel, was denied his day in court because of fraud or negligent conduct of a court officer involving a breakdown of the court's normal operation.

Appellant urges us to consider the fact that he was given information over the telephone by an employee in the Prothonotary's office which resulted in his delay in filing the appeal. Appellant's counsel was told by the employee that he must gain admission to practice before the Commonwealth Court before he could file an appeal there. The information given him could hardly be called "fraud" or a "breakdown in the court's operation." It was an accurate statement of the court's rule. Appellant cites *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938), to prove that his situation falls within the exception to compliance with statutory time limitations when a breakdown in the court's operation through a default of its officers is involved. However, the situation in *Nixon* was quite different from the one before us now. In *Nixon*, the court allowed an untimely filing of an appeal. However, in that case, neither the appellant nor his counsel had ever been given proper notice of the order from which the appeal was to be taken. Nothing so extraordinary occurred in the present case. Appellant's counsel had proper notice and knew of the time limitation, but simply failed to comply.

This court has recently recognized that there are situations which merit extension of time limitations for the taking of appeals. In *Christiansen v. Zoning Board*

*of Adjustment,* 1 Pa. Commonwealth Ct. 32, 271 A. 2d 889 (1970) this court denied a motion to quash an appeal in a zoning case which was filed beyond the time limitation prescribed in the ordinance. However, in that case a writ of certiorari had been issued and served upon the Zoning Board of Adjustment within the statutory period even though the petition for the appeal was untimely filed. The court decided that the issuance of the writ had fulfilled the *purpose* of the statutory time limitation—notification to all parties that litigation was still continuing—and allowed the appeal. In the present case, however, no such writ or notification was issued to the appellee.

Since the appeal in this case was filed after the thirty-day time limit and since no reason exists for ignoring the time limit, the motion to quash is granted.