Wheeling-Pittsburgh Steel Corporation *v.* Board of Assessment Appeals of the County of Westmoreland. (2 Cases)

Argued May 4, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS and BLATT. Judge KRAMER did not par-
ticipate.

*Aoam N. Aretz,* with him *H. Reginald Belden, Jr.,*
and *Irving L. Bloom,* for Board of Assessment.

*Edward W. Seifert,* with him *Reed, Smith, Shaw &
McClay; B. Patrick Costello;* and *Costello & Berk,* for
Wheeling-Pittsburgh Steel Corporation.

OPINION BY JUDGE WILKINSON, June 16, 1976:
Wheeling-Pittsburgh Steel Corporation (Wheeling)
owns and operates a basic oxygen steel manufacturing

facility (BOF) located in the City of Monessen, County of Westmoreland. In 1973, the Board of Assessment Appeals of the County of Westmoreland (Board) included the BOF in Wheeling's 1974 real estate tax assessment of land and buildings in the City of Monessen.

In December of 1973, Wheeling appealed from the assessment to the Board, claiming that the assessment of the BOF plant should be eliminated because it consisted of machinery, appliances and equipment contained in an industrial establishment. By letter dated November 14, 1974, the Board sustained the assessment, including the value of the BOF, for 1975 and dismissed the appeal as to 1974.

On December 12, 1974, Wheeling filed an appeal from the assessment to the Court of Common Pleas of Westmoreland County. On January 7, 1975, the Board filed preliminary objections as to the timeliness of appeal for the tax year 1974.

The court reserved ruling on the preliminary objections and held a hearing on the merits of the appeal. By stipulation of counsel, it was agreed that the hearing would be on the merits as to the tax year 1975 and that the determination of the court as to 1975 would also apply to 1974, but only if the Board's preliminary objections were dismissed.

On November 11, 1975, the court below entered its opinion and order, sustaining the Board's preliminary objections as to the tax year 1974 and finding for Wheeling on the merits as to the tax year 1975. The Board has appealed the order as to the merits of the assessment for 1975 and Wheeling has appealed the sustaining of preliminary objections as to the tax year 1974. Both appeals were consolidated for argument before this Court.

Section 201 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-201, provides, in part:

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to wit: Houses, house trailers and mobilehomes buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks, and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves, and all other real estate not exempt by law from taxation. *Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or industrial establishment shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment.* . . ." (Emphasis added.)

The question on the merits of the case is whether the BOF, assessed by Westmoreland County as part of Wheeling's real estate, falls within the machinery, tools, appliances and other equipment exclusion quoted above.[1] In interpreting this exclusion,[2] our Supreme Court has decided that all improvements used directly in manufacturing the products that the establishment is intended to produce which are necessary and integral parts of the manufacturing process and which are used solely for effectuating that purpose

---

[1] There has been no contention that Wheeling does not constitute an industrial establishment.

[2] The cited Supreme Court cases deal with Section 201 of The Fourth to Eighth Class County Assessment Law, the Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.201. However, the exclusion found there is identical to the exclusion applicable here.

are excluded from real estate assessments and taxation. *United States Steel Corporation v. Board of Assessment and Revision of Taxes,* 422 Pa. 463, 223 A.2d 92 (1966); *Jones and Laughlin Tax Assessment Case,* 405 Pa. 421, 175 A.2d 856 (1961); *City of Pittsburgh v. WIIC-TV Corporation,* 14 Pa. Commonwealth Ct. 18, 321 A.2d 387 (1974).

A careful review of the record leads us to conclude that the entire BOF falls within the statutory exclusion as delineated by prior court decisions. The record includes, in technical detail, information on the use, operation, functioning, design and purpose of the BOF. The parties have had the benefit of an able discussion in the opinion of the court below with regard to the particular BOF, and no purpose would be served by repeating that text here.

However, even though we have determined Wheeling's BOF is excluded from real estate assessment and taxation, we must sustain the court below in dismissing the appeal for the year 1974. Section 8(c) of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5349(c), provides: ''Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, or any taxing district having an interest therein, may appeal to the board for relief. Any person or such taxing district desiring to make an appeal shall, on or before the first day of September, file with the board an appeal. . . .''

Wheeling contends that, since the claim asserted by it for 1974 is an exclusion rather than an exemption, the action of the Board was totally without power, void *ab initio* and, therefore, no procedural time limit for appeal applied. It does not support this novel proposition with the citation of cases. While we agree that the claim of Wheeling involved an exclusion rather than an exemption, *City of Pittsburgh v. WIIC-TV*

*Corporation, supra,* we must reject Wheeling's conclusion as to the effect this has on the time for an appeal.

The time provisions of the Act of June 26, 1931, are mandatory. *Taylor Borough Appeal,* 408 Pa. 56, 182 A.2d 754 (1962) ; *Yeadon Borough Appeal,* 393 Pa. 552, 143 A.2d 925 (1958). Appeal had to be taken by September 1, 1973, and Wheeling did not do so until December, 1973. The decision of the Westmoreland County Court of Common Pleas must be sustained.

Affirmed.