Hollidaysburg Manor Associates, a limited partnership *v.* Blair County Board of Assessment and Revision of Taxes. The Blair County Board of Assessment and Revision of Taxes, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Richard A. Behrens,* with him *Marion D. Patterson, Jr.,* and *Patterson, Evey, Routch & Black,* for appellant.

*M. David Halpern,* with him *Jubelirer, Carothers, Krier & Halpern,* for appellee.

OPINION BY JUDGE BLATT, October 22, 1976:

The Hollidaysburg Manor Associates (taxpayers) appealed a real estate tax assessment, imposed pursuant to the Fourth to Eighth Class County Assessment Law[1] (Code), to the Court of Common Pleas of Blair County. The lower court, by order dated January 30, 1975, ruled in favor of the taxpayers and the Blair County Board of Assessment and Revision

---

[1] Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.101 et seq.

of Taxes (Board) filed exceptions. The taxpayers moved to quash the exceptions on the grounds that they were not authorized by the Code as the method for appeal. The lower court, by order dated July 30, 1975, granted the motion to quash and this appeal followed. We believe that the procedure followed by the Board here was proper and we, therefore, must reverse the lower court and remand the matter to it for a determination on the merits of the exceptions.

It is clear that a county board of assessment and revision of taxes may appeal an order of the court of common pleas in a tax reassessment case, Section 705 of the Code, 72 P.S. §5453.705, and that an appeal must be taken within thirty days from a *final order* of the lower court. Sections 402 and 502 of the Appellate Court Jurisdiction Act of 1970,[2] 17 P.S. §§211.402 and 211.502. This statutory appeal procedure does not *require* that exceptions be filed to the lower court's order prior to an appeal, and we are not aware of any local court rule here which would so require; however, we believe that exceptions *may* be filed with the lower court and that an appeal then may be taken from the determination on those exceptions.

The case of *Chester Holding Corp. Appeal*, 390 Pa. 152, 134 A.2d 668 (1957), involved a real estate tax assessment appeal in which it was held that exceptions filed to an order of a single judge and disposed of by that judge constituted a *final appealable order*. In *Washington Mall v. Board for the Assessment and Revision of Taxes*, 4 Pa. Commonwealth Ct. 251, 285 A.2d 885 (1971), exceptions were also filed to the order of a single judge of the lower court, but were disposed of by the court en banc, and an appeal was

---

[2] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.101 et seq.

then allowed to this Court.[3] We believe, therefore, that the Board here was properly permitted to file exceptions with the lower court and that the court en banc should rule on the merits of those exceptions.

Moreover, we believe that the rule regarding the filing of exceptions to the decision of the lower court should be the same in statutory tax assessment appeals as it is in statutory zoning appeals. In *M & E Enterprises, Inc. v. Township of Franklin Zoning Hearing Board,* 17 Pa. Commonwealth Ct. 585, 333 A.2d 523 (1975), we held that, under Section 402 of the Appellate Court Jurisdiction Act, a final decision of the lower court, from which an appeal would lie, could be either a decision of a single judge to which no exceptions had been filed or a decision on exceptions by the court en banc. The Board here filed exceptions and, therefore, the order entered on the exceptions would be the final appealable order.

The practice of filing exceptions to the order of a single judge of a court of common pleas is well established, promotes judicial efficiency, and, therefore, should be encouraged. In *Lehigh & Wilkes-Barre Coal Company's Assessment,* 225 Pa. 272, 275, 74 A. 65, 66 (1909), the court held that "[w]hen exceptions are filed it is the duty of the court en banc to sit in review, hear the arguments and enter such final decree as said court may deem equitable and just upon the record presented and evidence produced at the hearing." We, therefore, remand this matter to the lower court for a consideration of the Board's exceptions. *See McKay v. North Huntingdon Township Board of Adjustment,* 2 Pa. Commonwealth Ct. 609, 279 A.2d 376 (1971).

---

[3] The Court has independently obtained a copy of the docket sheet in *Washington Mall, supra,* from the Court of Common Pleas of Washington County (the lower court there) and the procedural facts stated above are revealed therein.

632

ORDER

AND Now, this 22nd day of October, 1976, the order of the Court of Common Pleas of Blair County is reversed and the case is remanded to the lower court for a determination on the Board's exceptions.