ASR Realty Corporation, Appellant *v.* Revenue Appeals Board of Northampton County, Appellee.

Submitted on briefs April 11, 1985, to Judges MAC-PHAIL and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*Gregg E. Mayrosh, Cohn & Mayrosh,* for appellant.

*John J. Bartos,* for appellee.

OPINION BY SENIOR JUDGE BABRIERI, June 13, 1985:

ASR Realty Corporation (ASR) appeals here the final order of the Court of Common Pleas of Northampton County dismissing ASR's appeal from the determination of the Revenue Appeals Board of Northampton County (Board) which affirmed the effective date of the reassessment of ASR's property.

For purposes of this appeal, ASR is the owner of a twenty-acre parcel of land consisting of the plant site and buildings of the now defunct National Portland Cement Company situate in Lower Nazareth Township in Northampton County.[1] In its brief, ASR stated that the assessed value of ASR's realty in September, 1980 was $324,700. By appeal notice of November 5, 1980, ASR requested a reappraisal and reassessment of the plant site. On September 23, 1981, the Board affirmed the reassessment of the sub-

---

[1] By deed dated September 12, 1980, ASR conveyed a portion of its realty in Lower Nazareth Township.

ject property at $134,000.00, said reassessment to become effective January 1, 1982. ASR appealed to the common pleas court asserting that the effective reassessment date should have been January 1, 1981 and cited as authority subsection (a.1) of Section 701 of The Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.701.

Section 701, 72 P.S. §5453.701, provides in subsection (a) that the Board shall examine assessments to determine whether they were made in conformity with the provisions of the Law and that the Board may revise and decrease the assessments. The subsection mandates that the Board shall, on or before the fifteenth of July, prepare an assessment role which includes a list of persons and property subject to local taxation together with the value placed on each person and each parcel of real property, and that the Board must provide for mailing to each person, the actual value of whose property has been changed from the preceding assessment roll, notice of the change and the amount of the new assessment. The notice must be mailed within five days from the date the Board made the change and must state that any persons aggrieved by such change may appeal to the Board for relief by filing, within forty days of the date of the notice, a statement in writing of such intention to appeal.

Subsection (a.1) of Section 701 of the Law, 72 P.S. §5453.701(a.1), on which ASR relies for its assertion that the Board may set the effective date of reassessment in the instant case at January 1, 1981, provides that the Board may make additions to the assessment roll of persons and property subject to local taxation at any time in the year, so long as the appellant complies with the notice provisions of the section.

The notice provisions to which subsection (a.1) refers, however, are in subsection (a) and require, as explained above, that the appellant file notice of his intent to appeal within forty days of the date of the notice of reassessment.

Subsection (b) of Section 701 of the Law, 72 P.S. §5453.701(b) provides that any person aggrieved by any assessment whether or not the value thereof shall have been changed since the preceding annual assessment may appeal to the Board on or before the first day of September.

Unfortunately, the record does not reveal whether the realty in question was reassessed in 1980 or whether the assessment remained unchanged in 1980 and was the same as the preceding annual assessment. Nevertheless, whether ASR's property was *reassessed* or whether the assessment *had not changed* since the preceding annual assessment, it is apparent that ASR's notice of appeal on November 5, 1980, was untimely. The notice provisions of the Law are mandatory. Section 8(c) of the Act of June 26, 1931 regulating assessments in third class counties, P.L. 1379, *as amended,* 72 P.S. §5349(c), identical to Section 701(b) of the Law at issue herein, has been interpreted by this Court in *Wheeling-Pittsburgh Steel Corporation v. Board of Assessment Appeals of the County of Westmoreland,* 25 Pa. Commonwealth Ct. 194, 360 A.2d 265 (1976). Wheeling-Pittsburgh Steel Corporation had appealed in December of 1973 the 1973 assessment of its steel manufacturing facility to be effective in 1974 and the Board of Assessment Appeals of Westmoreland County dismissed the appeal. This Court sustained the common pleas court's order dismissing Wheeling-Pittsburgh Steel Corporation's appeal for the year 1974 as the time provisions of the third class county assessment law are manda-

tory; appeal had to be taken by September 1, 1973 and Wheeling-Pittsburgh Steel did not do so until December, 1973.

In the instant case, if the assessment of ASR's realty was the same as the preceding annual assessment, appeal had to have been taken by September 1, 1980 and if the assessment was changed from the preceding annual assessment, notice of intent to appeal had to have been given prior to November 5, 1980. Therefore, we affirm.

ORDER

AND Now, June 13, 1985, the order of the Court of Common Pleas of Northampton County, dated June 7, 1982, is hereby affirmed.