## City of Connellsville v. Fayette County Tax Claim Bureau

*Michael J. Macko,* for plaintiff.
*Robert L. Webster Jr.,* for defendants.

SOLOMON, *J.,* October 14, 1992—This matter is before the court on the plaintiff's petition to remove property from tax claim sale. The defendant has challenged, *inter alia,* the jurisdiction of this court to hear this matter.

## STATEMENT OF FACTS

The city of Connellsville is the owner of the Connellsville Community Center. From 1983, when the city acquired the property, until 1988, the center was tax exempt. On November 24, 1987, the city received notice that the property's status for assessment purposes had been changed from exempt to taxable. The center was eventually scheduled to be sold at tax claim sale as the taxes due were not paid. On September 27, 1991, the city filed with the Fayette County Court of Common Pleas a petition to remove property from tax claim sale.

The defendant has challenged this court's jurisdiction to hear this matter, stating that 72 P.S. §5453.704 requires that appeals from assessments be initially made to the board, rather than to the Court of Common Pleas. The plaintiff argues that this section is inapplicable here, and that jurisdiction is properly with the Court of Common Pleas, due to various defects in the status change procedure utilized by the board. The defects complained of by the plaintiff are: (1) that the board was not authorized

to make the status change at any time other than between July 1 and July 15; and (2) that the board did not comply with the notice provisions of 72 P.S. §5453.701(1.1).

## DISCUSSION

It is clear that section 5453.704 requires that appeals from assessments be made initially to the board, 72 P.S. §5453.704. Thus, the only question remaining is whether the alleged defects in the assessment process would excuse plaintiff's failures to comply with the section 5453.704 appeal procedures and vest jurisdiction in the Court of Common Pleas.

The plaintiff's first argument is that the board was not authorized to add to the assessment roll any property not already subject to taxation at any time other than between July 1 and July 15. However, under section 5451.701(a.1), the board is authorized to add to the assessment roll property subject to local taxation at any time in the year, 72 P.S. §5453.701(a.1). The plaintiff argues that section 5453.701(a.1) is inapplicable here because it allows the board to add property to the assessment roll at any time during the year only when the property to be added is *already* subject to local taxation, but cites no authority to support its argument.

It is unlikely that this section was meant to be construed in this manner, since there would be very few instances where the board would need to add a property already subject to local taxation to the assessment roll. The only logical interpretation of this language is that the board is authorized, at any time during the year, to add property *which has become subject to local taxation* to the assessment roll. Thus, it is obvious that section 5453.701(a.1) appeal procedures are not inapplicable here for the reason argued by the plaintiff.

As the board was authorized to add the property to the assessment roll at any time, the only question remaining is whether the board complied with the notice provisions of section 5453.701. Section 5453.701(a) requires that notice of any changes are to be mailed to property owners within five days of the date that the change in any assessment was made and shall state that any person aggrieved by such change may appeal to the board for relief by filing with the board, within 40 days of the date of such notice, a statement, in writing, of such intention to appeal. Under section 5453.701(a.1) the notice provisions of section 5453.701(a) apply when the board makes additions and revisions to the assessment roll.

Here, the plaintiff received notice of the status change on November 24, 1987. It is not clear from the notice when the status change was made and no evidence was produced at the hearing to show when the change was made. Thus, we cannot determine whether the notice was mailed within five days of the change as required by section 5453.701(a).

As applied to taxpayer appeals, the notice provisions of section 5453.701(a) are mandatory. *ASR Realty Corp. v. Revenue Appeals Board of Northampton County,* 90 Pa. Commw. 122, 494 A.2d 497 (1985). If the notice provisions, as to taxpayers, are mandatory, it must follow that they are likewise mandatory as to the board. We would note that this position is supported by the fact that taxpayers, who are usually faced with these provisions only once, are strictly bound by them, whereas the board deals with these provisions on a daily basis.

Having concluded that the notice provisions are mandatory as to the board, it was incumbent upon the board, to support its position, to show that it had complied with those provisions, and that its notice of change in status was mailed within five days of the date that the change

was made. However, the board did not establish this fact either through testimony developed at the hearing held on this matter, or through the introduction of the notice which was mailed to the city. Therefore, since the mandatory notice provisions of section 5453.701(a) were not complied with by the board, the change in status was void, *ab initio.*

Thus, there being a fatal defect in the status change process, jurisdiction has vested in this court, and the plaintiff's petition must be granted. Should the board desire to attack the tax exempt status of the plaintiff, it may certainly do so, provided it follows the required procedure.

Wherefore, we will enter the following

### ORDER

And now, October 14, 1992, the plaintiff's petition to remove property from tax claim sale is hereby ordered granted. It is further ordered that the subject premises be removed from the tax assessment rolls of Fayette County.