John MONTE and Robert Monte, Trading as John Monte Company,

v.

SOUTHERN DELAWARE COUNTY AUTHORITY, Appellant.

No. 14776.

United States Court of Appeals Third Circuit.

Argued May 7, 1964.

Decided Aug. 6, 1964.

W. Bradley Ward, Philadelphia, Pa. (Bancroft D. Haviland and Thomas B. Rutter, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., De Furia, Larkin, De Furia, Ches-ter, Pa., of counsel, on the brief), for appellant.

Otis W. Erisman, Philadelphia, Pa. (Frank F. Truscott, Philadelphia, Pa. and John F. Cramp, Media, Pa., Truscott, Kline, O'Neill & Howson, Philadelphia, Pa., Cramp & D'Iorio, Media, Pa., of counsel, on the brief), for appellees.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

This case involving an arbitration award in favor of John Monte Company against Southern Delaware County Authority in a construction contract dispute is before us for the second time within a year. On the first appeal we held that although we had subject-matter jurisdiction of the controversy, the Federal courts were precluded from reviewing this particular award because the parties had contractually agreed that such review would be limited to the common pleas courts of Pennsylvania. Monte v. Southern Delaware County Authority, 321 F.2d 870 (C.A.3, 1963). Accordingly, we reversed the order of the district court, 212 F.Supp. 604, which held that the award was properly before it for review, and remanded the cause to that court for further proceedings in conformity with our opinion.

The district court then remanded the Authority's motion to modify, correct, or vacate the award to the Court of Common Pleas of Delaware County. This motion had originally been filed in the state court, but was subsequently removed to the district court by Monte. In its order the district court also remanded the motion which Monte had filed with it seeking confirmation of the award. The present appeal of the Authority challenges the power of the district court to remand Monte's motion to confirm to the state court on the grounds that this motion had never been filed in that court.[1] The Authority also urges that in remanding the motion to confirm

---

1. At oral argument it was disclosed that Monte has filed a second timely motion to confirm the award with the Court of Common Pleas of Delaware County.

the district court failed to comply with the mandate of this court.

Our prior opinion clearly holds that plenary review of this arbitration award can be had only in the appropriate state tribunal in accordance with the agreement of the parties. And the order of the district court was entered in direct pursuance of that mandate. The argument that the district court was without power to remand Monte's motion to confirm wholly overlooks the fact that the Authority itself had, in its answer to the motion to confirm, requested that this motion be consolidated in the district court with the removed motion to modify, correct or vacate. In remanding both motions to the state court, the district court obviously treated them as integral parts of the single controversy which was before it. Implicit in its order remanding that controversy to the appropriate state tribunal is a consolidation of the motions of the opposing parties. Nevertheless, though we view consolidation of these motions as implicit in the order remanding them, we shall return the case to the district court to the end that it might make that consolidation explicit.

One important matter remains. At oral argument, the position of Monte was brought into sharp focus and requires further discussion here. For Monte is of the view that despite our prior decision, there is, nonetheless, a possibility that the Federal courts might ultimately review this award since we have held they have subject-matter jurisdiction. We therefore wish to make abundantly clear our view that the agreement of the parties totally refutes that contention.

It is beyond question that the parties to a contract may agree to submit disputes over that contract to arbitration and may also agree upon a particular tribunal for reviewing the arbitration award. Indeed, as we have noted in another context, an agreement that an arbitration award shall itself be final and binding upon the parties generally precludes judicial review. Bower v. Eastern Airlines, Inc., 214 F.2d 623, 625 (C.A.3),

cert. denied, 348 U.S. 871, 75 S.Ct. 107, 99 L.Ed. 685 (1954). We need not recite anew our reasons for holding that the parties in the case at bar have contractually agreed that review of this award shall be limited to the state courts. We must, however, emphasize our prior determination that this agreement forecloses review in the Federal system.

The order of the district court will be remanded for further proceedings in accordance with this opinion.