## INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION 348, AFL–CIO

v.

## KOSKI CONSTRUCTION COMPANY.

### Civ. A. No. 79–59 Erie B.

United States District Court, W. D. Pennsylvania.

July 27, 1979.

---

George Levin, Erie, Pa., for plaintiff.

Richard W. Perhacs, Erie, Pa., for defendant.

## MEMORANDUM OPINION

KNOX, District Judge.

Presently before the court is a motion filed by the plaintiff, the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union 348, to remand this action to the Court of Common Pleas of Erie County, Pennsylvania, for lack of subject matter jurisdiction. See Fed.R. Civ.P. 12(b)(1).

Plaintiff commenced this action on April 19, 1979, against the defendant, the Koski Construction Company, by filing a motion and application to confirm an arbitration award in the Erie County Court of Common Pleas. On April 23, 1979, defendant peti-

tioned for removal to this court assertedly under the provisions of 28 U.S.C. § 1441. Thereafter, on April 30, 1979, plaintiff filed a motion to remand wherein plaintiff alleged that Article 30 of the applicable collective bargaining agreement [1] mandates that this cause of action be litigated in the Court of Common Pleas of Erie County. Article 30 of the agreement provides as follows:

> The parties to this Contract hereby agree that the proper venue for the institution of any action, legal or equitable, for violations of any provision of this Agreement shall be in Erie County, Pennsylvania. The parties hereby waive their right to assert as a defense any requirement of proper venue.

Defendant contends that Article 30 does not constitute an agreement to confer venue exclusively on the Court of Common Pleas of Erie County. Briefs were received from both parties and oral argument was heard by the court on June 5, 1979. After careful consideration of the issues presented by plaintiff's motion to remand, the court has determined that the motion must be denied.

In *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that, in admiralty suits, forum selection clauses "are prima-facie valid," id. at 10, 92 S.Ct. at 1907 and should be enforced unless the party resisting the application of the clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15, 92 S.Ct. at 1916. The agreement was enforced even though there clearly existed admiralty jurisdiction in the federal courts. In rejecting the argument that forum selection clauses operate to unlawfully restrict the court's jurisdiction, the Court stated:

> The argument that such clauses are improper because they tend to "oust" a court of jurisdiction is hardly more than a vestigal legal fiction. It appears to rest at core on historical judicial resistance to any attempt to reduce the power and

1. 1974–1979 Agreement Between the International Association of Bridge, Structural and Or- namental Iron Workers, Local Union 348, AFL– CIO and the Erie Construction Council.

business of a particular court and has little place in an era when all courts are overloaded and when businesses once essentially local now operate in world markets. It reflects something of a provincial attitude regarding the fairness of other tribunals. 407 U.S. at 12, 92 S.Ct. at 1915, supra.

*Bremen* makes clear that the issues before the court involve matters of contract law and do not necessarily imply any unlawful action by the parties to restrict federal jurisdiction.

■ In the instant case, we do not believe that the forum selection clause at issue is mandatory, requiring that any action under the agreement be tried only in the Court of Common Pleas of Erie County. Accordingly, the forum clause here is distinguishable from that in *Bremen,* which stated that "(a)ny dispute arising must be treated before the London Court of Justice." 407 U.S. at 2, 92 S.Ct. at 1909. In *Bremen,* the parties specified with particularity that the London Court of Justice must hear the suit. Here, by contrast, there was no such unequivocal agreement to submit to the jurisdiction of the Erie County Court of Common Pleas. Article 30 of the agreement at issue is susceptible to the interpretation that the Erie County Court of Common Pleas could have jurisdiction of disputes under the agreement, but that other forums may also be appropriate. "Venue is proper" in the Erie Division of the U.S. District Court for the Western District of Pennsylvania under the literal terms of the provision. Cases wherein the court has upheld the parties' agreement to limit the entry of judgment to a single specified forum are therefore distinguishable from the instant suit. See *John Ashe Associates, Inc. v. Envirogenics Co.,* 425 F.Supp. 238, 243 (E.D.Pa.1977); *Monte v. Southern Delaware County,* 335 F.2d 855, 857 (3rd Cir. 1963); *Monte v. Southern Delaware County,* 321 F.2d 870, 874 (3rd Cir. 1963).

Article 30 of the collective bargaining agreement is distinguishable from the forum selection clause in *Central Contracting*

*Co. v. Maryland Casualty Co.,* 367 F.2d 341 (3rd Cir. 1966), which provided, in part, that:

". . . The Subcontractor agrees that it will not commence any action . . . arising out of . . . this subcontract agreement, in any Courts other than those in the County of New York, State of New York, and the Subcontractor expressly waives any and all rights the said Subcontractor might have by reason of the aforesaid bond provisions, if any, or by any reason of any other cause whatsoever, to bring said action in any other court . . ." 367 F.2d at 343.

In *Central Contracting,* the subcontractor expressly waived its rights to bring a cause of action in any court other than those in New York County. Here, by contrast, there was no such waiver of the right to commence suit in the federal courts. The *Central Contracting* court did not consider whether a federal district court in New York County could exercise jurisdiction under the terms of the forum selection clause.

■ Plaintiff's reliance on *Litton RCS, Inc. v. Pennsylvania Turnpike Commission,* 376 F.Supp. 579 (E.D.Pa.1974), is misplaced. In *Litton,* the court held that the sections of the state arbitration act which provide that only Common Pleas Courts have authority to entertain motions to confirm arbitration awards applied to a contract for arbitration involving a state public agency. The provisions of the Pennsylvania Arbitration Act are mandatory only with respect to state agencies and municipalities when such parties agree to provide for arbitration of disputes. The Act does not, of course, operate to restrict the bargaining power of the private parties in the instant case in such a way as to limit federal court jurisdiction. For the same reason, *Monte v. Southern Delaware County,* 335 F.2d 855 (3rd Cir. 1963) and *Monte v. Southern Delaware County,* 321 F.2d 870 (3rd Cir. 1963) are distinguishable.

Since we do not have a mandatory forum selection clause before us, we need not decide whether defendant waived its right to remove this action to federal court or

whether we should decline to exercise jurisdiction.

We hold that defendant properly removed this action to federal court and deny plaintiff's motion to remand this case to the Erie County Court of Common Pleas. We have jurisdiction under 29 U.S.C. 185.

An appropriate order will be entered.