**RELM WIRELESS CORPORATION,**
**Plaintiff,**

v.

**C.P. ALLSTAR CORPORATION,**
**Defendant.**

Civil Action No. 03–794.

United States District Court,
E.D. Pennsylvania.

May 22, 2003.

Louis Kelly, Plymouth Meeting, PA, Myles J. Tralins, Tralins and Associates, Miami, FL, for Plaintiff.

Susan M. Verbonitz, Weir & Partners, LLP, Philadelphia, PA, for Defendant.

**OPINION**

POLLAK, District Judge.

Currently before this court is Defendant C.P. Allstar Corporation's ("Allstar's") Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.Civ.P 12(b)(6) and/or F.R.Civ.P. 12(b)(3).[1]

---

**1.** As an ancillary matter, the plaintiff has filed a motion to have its response to the motion to dismiss "deemed filed on March 24, 2003," as a "computer anomaly" precluded filing within the time allotted by this court. That motion will be granted with the accompanying

Relm Wireless Corporation ("Relm") filed this diversity suit on February 10, 2003, claiming that Allstar breached the contract into which the two companies entered on August 17, 2002. Allstar's motion to dismiss is straightforward: this court's attention is directed to a venue selection clause in the contract that was allegedly breached. The relevant language reads:

This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania with venue in Chester County.

■ Allstar argues that "[t]he clear manifestation of the parties, as set forth in the Agreement, is that any action must be brought in the state court in Chester County." When parties voluntarily agree to submit to suit in a given venue, the courts will generally not disturb that choice. *See M/S Bremen v. Zapata Off–Shore Co.* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ("[T]he forum clause should control absent a strong showing that it should be set aside.").

To be sure, Relm does not contest the validity of the venue selection clause, but rather offers a different interpretation, noting that the language of the clause does not purport to preclude suit in a federal court. Further, Relm contends, any ambiguities in the clause should be construed against Allstar, the drafter of the contract. *See Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1232 (11th Cir.1985) ("The forum selection clause in this case is ambiguous concerning the exclusive nature of the provision.... As the drafter of the ambiguous provision, the clause must be construed against Citrovale and in favor of Citro Florida as a non-exclusive consent to jurisdiction.").

■ This court agrees with Relm that the venue selection clause does not, on its face, mandate that suit be brought in a state court. Nonetheless, the clause makes perfectly clear that venue shall be in Chester County—and this courthouse is not in Chester County. Relm argues that there is no authority "for the proposition that the jurisdiction of the district courts is limited to the county, or, for that matter, city, where the federal courthouse is physically located." I will assume *arguendo* the correctness of that proposition, but the argument still misses the mark. There is no question that this court has *jurisdiction* over certain defendants and events situated within the Eastern District of Pennsylvania—a nine-county area which includes Chester County. However, it trifles with language to describe a lawsuit filed in this court as one that has "venue in Chester County." That Congress contemplated a distinction between venue and jurisdiction is made clear by the change-of-venue provisions found in 28 U.S.C. § 1404, which empower district courts to transfer a civil action to another district, to another division in the same district, or even to "any place within the division in which [the civil action] is pending." Clearly, the Eastern District's territorial jurisdiction embraces multiple venues. And Congress has authorized this court to sit in federal courthouses located in five of the District's nine counties. But Chester County is not one of them. Thus, filing suit in this District contravened the terms of the venue selection clause to which Relm agreed. Accordingly, with the accompanying order, I will grant Allstar's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(3).

### ORDER

For the reasons stated in the accompanying opinion, it is hereby ORDERED that:

order, as the court has considered the arguments advanced in the plaintiff's response.

1) Plaintiff Relm Wireless Corporation's Motion to Have Its Response to Defendant's Motion to Dismiss Deemed Filed on March 24, 2003, Because of Computer Anomaly in Electronic Filing System (Docket # 8) is GRANTED.

2) Defendant C.P. Allstar Corporation's Motion to Dismiss (Docket # 3) is GRANTED.

3) This civil action is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(3).