

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Wall Street Aubrey v. Aubrey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wall Street Aubrey v. Aubrey" (2006). *2006 Decisions.* Paper 956.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/956

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5027

———

WALL STREET AUBREY GOLF, LLC,

<u>Appellant</u>

v.

EVA AUBREY; GEORGE AUBREY; JOHN AUBREY;
AUBREY FIRST FAMILY LIMITED PARTNERSHIP

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-01163)
District Court Judge: Honorable Arthur J. Schwab

———

Argued May 18, 2006

Before: RENDELL, and VAN ANTWERPEN, <u>Circuit Judges</u>,
and ACKERMAN, <u>Senior District Judge</u><sup>*</sup>

(Filed: June 5, 2006)

Patrick L. Abromowich (Argued)
Jay D. Marinstein
Fox Rothschild, LLP
625 Liberty Ave., 29th Floor
Pittsburgh, PA 15222

Counsel for Appellant

———

<sup>*</sup> Honorable Harold A. Ackerman, Senior District Judge, United States District Court
for the District of New Jersey.

Douglas G. Linn, II (Argued)
The Linn Law Group, LLC
228 South Main St.
P.O. Box 1554
Butler, PA 16003

Counsel for Appellees

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

In this diversity case, appellant Wall Street Aubrey Golf, LLC ("Wall Street"), a Florida Corporation, seeks reversal of the Order of the United States District Court for the Western District of Pennsylvania, Honorable Arthur J. Schwab, dismissing without prejudice its case against appellees Eva Aubrey, George Aubrey, John Aubrey, and the Aubrey First Family Limited Partnership ("the Aubreys"). The District Court granted the Aubreys' Rule 12(b)(6) motion to dismiss because the contract underlying their dispute contained a provision selecting Butler County, Pennsylvania as the venue in which any litigation would occur. We agree with the District Court's conclusion that the provision means the case must be litigated in Butler County, where there is no federal district court, and will affirm.

I.

The facts of this case as they relate to our decision may be stated briefly. Wall Street and the Aubreys entered into a contractual lease and option agreement dated March 4, 2005. In the agreement, the Aubreys leased a golf course located in Butler County,

Pennsylvania to Wall Street, conveyed an option to purchase the course and some adjacent real estate, and undertook several related obligations. The contract contained the following disputed provision:

> "29. **CONSTRUCTION/RECORDING:** This Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania. This Lease shall not be recorded."

Wall Street subsequently came to believe that the Aubreys had misrepresented certain aspects of the deal, and had not held up their end of the bargain. Thus, on August 19, 2005, Wall Street filed a Complaint against the Aubreys in the United States District Court for the Western District of Pennsylvania in Allegheny County alleging a number of causes of action based in, and stemming from the agreement. The Aubreys filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, on the basis that, *inter alia*, venue was improper because the contract had specified that venue would be laid in Butler County. The District Court granted the Aubreys' motion on November 11, 2005, and dismissed the case without prejudice.[1] Wall Street timely appealed.

II.

The District Court had diversity jurisdiction, 28 U.S.C. § 1332, because the parties are completely diverse, and the amount in controversy exceeds $75,000. The basis for

---

[1] Dismissal under Fed. R. Civ. P. 12(b)(6) is a permissible means of disposing of a case where venue is improper. Cf. Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298-99 (3d Cir. 2001) ("a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."). Here, there is no other federal forum, eliminating the possibility of transfer under 28 U.S.C. §§ 1404 or 1406, and making some form of dismissal all the more necessary. See id. at 299 (dismissal necessary where proper forum is state court). The parties do not dispute the use of Rule 12(b)(6) as vehicle for dismissal in this case.

our appellate jurisdiction is slightly, though not fatally, complicated by the dismissal of proceedings below without prejudice. We requested memoranda from the parties on the issue, and it is now ripe for decision. Dismissal without prejudice can defeat appellate jurisdiction. E.g., Erie County Retirees Ass'n. v. County of Erie, 220 F.3d 193, 201 (3d Cir. 2000). However, "a court of appeals has jurisdiction under 28 U.S.C. § 1291 when the district court has divested itself of a case entirely, regardless of the fact that claims in the case may continue to go forward in state court." Id. at 202. In the present case, the District Court's dismissal served to divest it of the suit completely, with no prospect of its return to federal court, absent an appeal. Thus, we have jurisdiction under 28 U.S.C. § 1291. Cf. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1211 (3d Cir. 1991) (district court's order remanding to state court based on forum selection clause reviewable under collateral order doctrine).

We use federal law when determining the effect of forum selection clauses because "'[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature.'" Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (quoting Jones v. Weibrecht, 901 F.2d 17 (2d Cir. 1990)). Our review of the District Court's construction of the legal effect of a contractual provision is plenary. Id. at 880-81 (citing Vanguard Telecommunications, Inc. v. Southern New England Tel. Co., 900 F.2d 645, 650 (3d Cir. 1990)).

III.

Despite Wall Street's best efforts to cast doubt on the venue provision at issue here, we find no reason to differ with the District Court's determination. Forum selection

-4-

clauses are entitled to great weight, and are presumptively valid. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11 (1972)), *overruled on other grounds by* Lauro Lines v. Chasser, 490 U.S. 495 (1989).

Of course, before a contractual forum selection provision can be enforced, it must actually effectuate a selection. To this end, "a court's paramount consideration is the intent of the parties." Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001, 1009 (3d Cir. 1980) (quoting O'Farrell v. Steel City Piping Co., 403 A.2d 1319, 1324 (Pa. Super. Ct. 1979)). The plain language of the agreement guides our construction: "[a] court is not authorized to construe a contract in such a way as to modify the plain meaning of its words, under the guise of interpretation." Id. at 1010 (citing Best v. Realty Management Corp., 101 A.2d 438, 440 (Pa. Super. Ct. 1953)). However, contract language is ambiguous when it admits of more than one reasonable construction. Id. at 1011. Where the provision is clear and unambiguous, we determine its proper construction as a matter of law. Polish Am. Machinery Corp. v. R.D. & D. Corp., 760 F.2d 507, 512 (3d Cir. 1985). "The court should . . . avoid ambiguities, if the plain language of the contract permits . . . . [and] should not torture the language . . . to create ambiguities." First State Underwriters Agency of New England Reinsurance Corp. v. Travelers Ins. Co., 803 F.2d 1308, 1311 (3d Cir. 1986) (referring to insurance contract between sophisticated parties).

The language of the provision before us compels us to conclude that the parties intended to establish Butler County, Pennsylvania as the sole location for litigation of

disputes:

> "29. **CONSTRUCTION/RECORDING:** This Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania."

Wall Street argues that this language is ambiguous because the independent opening clause, "[t]his Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania," sets forth a choice of law in mandatory terms, while the latter subordinate clause, "with venue laid in Butler County, Pennsylvania" specifies neither a particular court, nor the circumstances of its application. Wall Street further contends that the "shall" in the independent clause does not directly act on the subordinate clause to render it mandatory. Finally, it asserts that without express language indicating exclusivity, the venue provision is merely permissive, and acts only to render venue in Butler County possible, but not necessary. We are not persuaded.

The language of this provision admits of no other result than that the courts of Butler County are the exclusive forum in which the parties may obtain adjudication under their contract.[2] Despite the provision's failure to use words like "exclusive" or "sole" with respect to venue, it would require an interpretive sleight of hand to produce the conclusion that the provision is ambiguous. First, we cannot read the subordinate venue

---

[2] We note that the gerund "laying of the venue" is defined as "[a] statement in a complaint naming the *district or county in which the plaintiff proposes that any trial of the matter should occur*." Black's Law Dictionary 905 (8th ed. 2004) (emphasis added). Here, the statement, albeit in the contract, specifies that venue is to be laid in Butler County. Butler County is obviously not a "district"; thus it must be the county in which disputes are to be litigated. There is no federal court located in Butler County, Pennsylvania, but it does contain a Pennsylvania Court of Common Pleas competent to adjudicate the dispute.

provision in isolation from the preceding mandatory clause:  the mandatory "shall" in "[t]his Lease *shall* be construed in accordance with [Pennsylvania law]" necessarily encompasses the latter "with venue laid in Butler County." (Emphasis added.)  Second, the subordinate clause itself admits of no ambiguity: "with venue laid in Butler County" does not logically allow for the possibility of any other venue.[3]

This is in sharp contrast to cases such as International Association of Bridge, Structural and Ornamental Iron Workers, Local Union 348, AFL-CIO v. Koski Construction Company, 474 F.Supp. 370 (W.D. Pa. 1979), nonetheless much relied upon by Wall Street.  In Koski, the contract stated that "the proper venue for the institution of any action . . . shall be in Erie County, Pennsylvania."  Id. at 371.  The Koski Court held that under the express terms of the agreement, venue would be proper in the Erie Division of United States District Court for the Western District, and not solely the Pennsylvania Court of Common Pleas in Erie County.  Id. at 372.  Wall Street argues that the Koski Court's fundamental holding was that the clause there was not mandatory.  In addition to mischaracterizing the holding, Wall Street's argument is beside the point.  The Koski Court held that the clause was not mandatory with respect to a specific requirement of venue in the Erie County Court of Common Pleas; it never reached the question at issue here:  whether venue in another county altogether would have been permissible.  Id.

More illuminating is Judge Pollak's holding in Relm Wireless Corporation v. C.P. Allstar Corporation, 265 F.Supp.2d 523, 524 (E.D. Pa. 2003), which construed language

---

[3] Wall Street argues that we must construe the provision against the Aubreys who allegedly drafted it.  Because we conclude that the language is not ambiguous, we do not reach this issue.

almost identical to that at hand: "This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania with venue in Chester County."  There, Judge Pollak held that though "the venue selection clause does not, on its face, mandate that suit be brought in a state court," it would "trifle[] with language to describe a lawsuit" filed in district court in Philadelphia as having venue in Chester County.  Id.  We agree.

Wall Street has not argued that the provision laying venue in Butler County at issue here is unreasonable or otherwise not entitled to enforcement.  Accordingly, we find that venue is laid in Butler County, Pennsylvania and nowhere else.

IV.

We also reject Wall Street's final argument that even if the provision is mandatory and establishes Butler County as the sole venue, the United States District Court for the Western District of Pennsylvania affords venue *in* Butler County.  The Western District of Pennsylvania embraces Butler County *within* its territorial jurisdiction, but does not have a physical location there.  See 28 U.S.C. § 118(c).  Rather, the Court sits in Erie (Erie County), Johnstown (Cambria County), and Pittsburgh (Allegheny County).  Id.  To hold that the District Court for the Western District of Pennsylvania is a venue in Butler County would torture logic and conflate the disparate concepts of jurisdiction and venue.

Venue and jurisdiction are legally distinct, Neirbo Co. v. Bethlehem Shipbuilding Corp. 308 U.S. 165, 167-68 (1939), and the two should not be confused.  15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3801 (1986).  Venue fundamentally "refers to *locality*, the *place where* a lawsuit should be heard."  Id.

-8-

(emphasis added).  Moreover, "venue 'is primarily a matter of choosing a convenient forum,'" and not of competence to hear a dispute.  Wachovia Bank v. Schmidt, __ U.S. __, 126 S.Ct. 941, 950 (2006) (quoting Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979)).  As such, parties can agree to venue among themselves, as they have here.  Neirbo, 308 U.S. at 168.  On the other hand, jurisdiction entails a court's very authority to adjudicate a matter in the first place, and parties may not consent or stipulate to it where it does not exist.[4]  Id.

The language and structure of Title 28 of the United States Code also separate the concepts of jurisdiction and venue.  For instance, Chapter 85 of Title 28 is devoted to the subject matter jurisdiction of district courts, while Chapter 87 separately addresses venue.  Concomitantly, § 1391, which sets forth the general rules of venue in the federal judicial system, presumes jurisdiction in a district court before getting to the issue of whether venue would be proper there.  It  plainly contemplates that while multiple district courts may have jurisdiction, it is possible, and even likely, that only a smaller subset will properly have venue.  A fortiori, jurisdiction alone does not confer venue.[5]

The United States District Court for the Western District of Pennsylvania has

---

[4] We note, of course, that personal jurisdiction is a separate consideration.

[5] Wall Street argues that Jumara v. State Farm Insurance Company, 55 F.3d 873, 881 (3d Cir. 1995), should be taken to mean that a district court not located in a county over which it has territorial jurisdiction has venue within that county.  The holding of Jumara is not so elastic.  Rather, Jumara held that federal district courts are "courts" under the Pennsylvania Uniform Arbitration Act, and as such, would be a "court of record" in a county over which it had territorial jurisdiction, whether or not it was located there.  Id. at 881.  We see no necessary connection between the concepts of a "court of record" and venue.

*jurisdiction* over Butler County; but as Congress has ordained that it shall *sit* in Erie, Cambria, and Allegheny Counties – and nowhere else – it is self-evident that the Court has no location in Butler County. See 28 U.S.C. § 118(c). Therefore, where venue is laid in Butler County, it is physically and logically impossible for a federal district court to hear the case.

V.

For the foregoing reasons, we will affirm the Order of the District Court dismissing the case without prejudice. Because "[t]ransfer is not available . . . when a forum selection clause specifies a non-federal forum," dismissal is the sole option. Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001). Of course, Wall Street remains free to attempt to bring suit in the Pennsylvania Court of Common Pleas, Butler County.[6]

---

[6] We neither reach nor express an opinion upon any statute of limitations issue. We also note that Pennsylvania may offer a means of transferring the case to the Butler County Court of Common Pleas, 42 Pa. Cons. Stat. Ann. § 5103(b), but decision of this matter is not presently within our province.