NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2521
_____

FLAGHOUSE, INC.,
                                   Appellant
v.

PROSOURCE DEVELOPMENT, INC.;
RICK ZIPF, individually,;
ABC CORPS.1-10 (names being fictitious and unknown)
JOHN DOES 1-10 (names being fictitious and unknown)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cv-05406)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2013

Before:  SLOVITER, FUENTES, and ROTH, Circuit Judges

(Filed:  June 7, 2013)

_____

O P I N I O N
_____

SLOVITER, Circuit Judge.

FlagHouse, Inc. ("FlagHouse") appeals from the District Court's dismissal of its complaint against Appellees ProSource Development Inc. ("ProSource") and Rick Zipf ("Zipf"). For the reasons that follow we will vacate the District Court's orders dismissing FlagHouse's complaint and submitting the matter to arbitration, and will remand the matter to the District Court.[1]

I.

In January 2009 FlagHouse began discussions with nFocus Technologies to implement a system to streamline FlagHouse's accounts payable, billing, warehouse management, accounting, and finance software. During negotiations, nFocus Technologies was acquired by ProSource, with whom FlagHouse continued to negotiate. As part of these negotiations, ProSource's CEO, Zipf, made representations about ProSource's capabilities at FlagHouse's place of business in New Jersey. In September 2009 FlagHouse entered into a "Master Services Agreement" with ProSource, which called for ProSource to complete the project by October 1, 2010.

The project took longer than expected, and ProSource discontinued work in February 2011, leaving the project unfinished. ProSource claims that FlagHouse owes it $459,822.09. In order to recover the balance of the contract price, ProSource issued a demand for arbitration pursuant to the arbitration clause in the Master Services

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion to dismiss, and we apply the same standard applicable in the district court. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

Agreement. The arbitration clause requires the parties to resolve any dispute "arising out of or relating to [the Master Services Agreement] or to its breach" through arbitration.[2] App. at 52.

In response to ProSource's demand for arbitration, FlagHouse filed a complaint in New Jersey state court, alleging that ProSource and Zipf intentionally misrepresented ProSource's experience, expertise, and ability to complete the project in a timely manner. The complaint included claims against ProSource and Zipf for legal fraud, equitable fraud, negligent misrepresentation, breach of express and/or implied warranties, breach of contract, and violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. STAT. ANN. § 56:8-1 et seq. FlagHouse sought rescission of the Master Services Agreement and damages. In addition, FlagHouse moved the court to enjoin the arbitration pending resolution of its suit.

ProSource subsequently removed the case to federal court. The District Court dismissed FlagHouse's claims against Zipf for lack of personal jurisdiction. It found the remaining claims subject to arbitration, and dismissed those as well. FlagHouse now appeals.

II.

A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law, and New Jersey law provides for personal jurisdiction coextensive with that allowed by the United States Constitution. *See* Fed. R.

---

[2] The only exceptions to the general requirement for arbitration are for temporary equitable remedies "to preserve the status quo or prevent irreparable harm." App. at 52.

Civ. P. 4(e); N.J. Court Rule 4:4-4; *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986). Due process requires that a defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The Supreme Court has stated that "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Personal jurisdiction is present if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court" in that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

FlagHouse has alleged sufficient contact between Zipf and New Jersey to warrant personal jurisdiction over Zipf in this case.[3] FlagHouse's claims arise out of "misrepresentations" made by Zipf during his "sales-pitch" at "FlagHouse's place of business in New Jersey." App. at 25; Appellant's Br. at 23. Zipf availed himself of the benefits and protection of New Jersey during his sales visit; he should have reasonably anticipated that, by making representations at the headquarters of a company in New Jersey, he could be haled into court in that forum.

---

[3] The District Court erred when it concluded that FlagHouse "[did] not address or engage in a personal jurisdiction analysis in its brief." App. at 10. FlagHouse provided a minimum contacts analysis both before the District Court and on appeal.

Zipf contends that he does not meet the minimum contact requirement, because his contacts with New Jersey were made in his capacity as the CEO of ProSource. Although it is true that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984), as long as a defendant has sufficient contacts with the forum state, he can be subject to personal jurisdiction in that state. *See id.* ("[W]e . . . reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity.") (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)); *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000). Zipf made such contacts when he visited New Jersey to make a sales pitch to FlagHouse. The District Court therefore erred when it concluded that it did not have personal jurisdiction over Zipf.[4] We will vacate the District Court's dismissal of FlagHouse's claims against Zipf.

III.

When deciding whether an arbitration agreement applies, courts first look to the relevant state law of contracts. *See Spinetti v. Service Corp. Int'l*, 324 F.3d 212, 214 (3d Cir. 2003).[5] Under New Jersey law, agreements to arbitrate with "arising out of"

---

[4] Because New Jersey law provides for personal jurisdiction to the fullest extent allowed by the Due Process Clause, and because the Supreme Court has held that it does not violate due process to find personal jurisdiction based solely on contacts made in an employee's official capacity, there is no basis for the fiduciary shield doctrine to apply in this case and no need to undertake the participation theory analysis engaged in by the District Court.

[5] The Master Services Agreement, which includes the arbitration clause at issue in this case, provides that the Agreement should be "construed in accordance with the laws of

language are typically construed broadly in favor of arbitration. *See EPIX Holdings Corp. v. Marsh & McLennan Cos.*, 982 A.2d 1194, 1205 (N.J. Super. Ct. App. Div. 2009). The arbitration agreement between FlagHouse and ProSource contains such language, as it calls for "any controversy or claim arising out of or relating to this Agreement or to its breach [to] be settled by arbitration." App. at 52.

New Jersey courts, however, have found that statutory remedies not explicitly included in an arbitration clause are not subject to arbitration. *See Garfinkel v. Morristown Obstetrics & Gynecology Assoc.*, 773 A.2d 665, 672 (N.J. 2001). The arbitration clause here does not mention statutory claims, nor does it contain other indications that such claims are subject to arbitration. *See Martindale v. Sandvik, Inc.*, 800 A.2d 872, 883 (N.J. 2002); *Curtis v. Cellco P'ship*, 992 A.2d 795, 801-02 (N.J. Super. Ct. App. Div. 2010). The District Court therefore erred in finding "clear and unambiguous" intent to subject FlagHouse's NJCFA claim to arbitration. App. at 13. We will vacate its order to submit this claim to arbitration.

III.

For these reasons, we will vacate the orders of the District Court and remand for further proceedings consistent with this opinion.

---

the State of New York." App. at 53. Both the parties and the District Court have proceeded as if New Jersey rather than New York law applies. The parties have therefore waived the application of New York law and we will interpret the contract in accordance with New Jersey law. *See Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1005 n.1 (3d Cir. 1980).