Forum selection clauses are presumptively valid and enforceable. Wall St. Aubrey Golf, LLC v. Aubrey , 189 Fed. Appx. 82, 84 (3d Cir. 2006) ; MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A. , 65 Fed. Appx. 844, 846 (3d Cir. 2003) (quoting Coastal Steel. Corp. v. Tilghman Wheelabrator Ltd. , 709 F.2d 190, 202 (3d Cir. 1983)overruled on other grounds by Lauro Lines v. Chasser , 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) ). Such clauses are presumed valid to give effect to the freely negotiated terms of a contract and uphold the expectations of the contracting parties. M/S Bremen v. Zapata Off-Shore Co. , 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ("The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.").
If the venue prescribed by the contract is federal, and venue is proper in the original forum, the district court may enforce the forum selection clause by transferring the case to the prescribed forum pursuant to 28 U.S.C. § 1404(a). See Stewart Org., Inc. v. Ricoh Corp. , 487 U.S. 22, 28, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ; Charles Allan Wright, Arthur R. Miller, Edward H. Cooper et al., § 3803.1 Law Applicable-Forum Selection Clauses, 14D Fed. Prac. & Proc. Juris. § 3803.1 (4th ed.). However, if the venue selection clause prescribes a state or foreign forum, the case may only be remanded, see Integrated Health Resources, LLC v. Rossi Psychological Group, P.A. , 537 F.Supp.2d 672 (D.N.J. 2008) (remanding to state court to enforce forum selection clause), or dismissed, see Wall St. Aubrey Golf, LLC , 189 Fed. Appx. at 87 ; Crescent Intern., Inc. v. Avatar Communities, Inc. , 857 F.2d 943 (3d Cir. 1988).
Federal law applies to the consideration of the forum selection clause. See Wall St. Aubrey Golf, LLC , 189 Fed.Appx. at 84 ("We use federal law when determining *585 the effect of forum selection clauses because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." (quoting Jumara v. State Farm Ins. Co. , 55 F.3d 873, 877 (3d Cir. 1995) (internal quotation marks and alterations omitted) ). The Third Circuit has held that a venue selection clause is valid unless the party objecting to it establishes:
(1) That it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable.
MoneyGram Payment Sys., Inc. , 65 Fed.Appx. at 846 (quoting Coastal Steel Corp. , 709 F.2d 190 ).
Defendant argues that the claims should be dismissed because they fall within the scope of the forum selection clause. Specifically, Defendant argues that the forum selection clause relates to "any claim arising out of or relating to this Subcontract," and that the claims at issue "arise out of" the contractual relationship between the parties. Def.'s Br. at 5.
As an initial matter, Plaintiff argues that the mediation clause does not apply to its claims for conversion or unjust enrichment. Plaintiff argues that these claims do not arise out of or relate to the subcontract because they are not contractual claims.[3] Pl.'s Opp. at 1.
Defendant maintains that the claims at issue fall within the scope of the mediation provision because they all arise out of the contractual relationship between the parties and relate to the work performed pursuant to the Subcontract. Def's Br. at 5.
Despite Plaintiff's argument, non-contractual claims may be subject to mediation and arbitration provisions under New Jersey law. See Crescent Int'l, Inc. , 857 F.2d at 944 (finding tort claims within arbitration clause and collecting cases); see also Magla Prods., LLC v. Chambers , No. 06-0115, 2006 WL 2846274, at *4 (Sept. 29, 2006, D.N.J.) (finding that claims for tortious interference, unjust enrichment, and breach of duty of loyalty arise out of contract and are therefore subject to forum selection clause within the contract).
In interpreting the scope of the mediation clause, the focus is on the facts underlying the claims, and not the actual legal terms in which each claim is couched. Caruso v. Ravenswood Developers , 337 N.J. Super. 499, 507, 767 A.2d 979 (2001). "Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause." Bleumer v. Parkway Ins. Co. , 277 N.J. Super. 378, 405, 649 A.2d 913 (1994) (quoting In re Oil Spill by the "Amoco Cadiz ," 659 F.2d 789, 794 (7th Cir. 1981) ). Were this rule otherwise, a party could frustrate such an agreement simply by the manner in which it framed its claims. Id.
The claims here fall comfortably within the mediation clause. The clause applies to "any claim arising out of or relating to this Subcontract ...." Subcontract § 6.1.1. By using the term "any claim," the provision expresses an intent to encompass a broad range of disputes. Further, the provision applies to claims "arising out of," as well as claims "relating to" the contract, which indicates that the provision is not strictly limited to claims for breach of contract. See *586 FlagHouse, Inc. v. ProSource Dev., Inc. , 528 Fed. Appx. 186, 190 (3d Cir. 2013) ("Under New Jersey law, agreements to arbitrate with 'arising out of' language are typically construed broadly in favor of arbitration.").
All of Plaintiff's claims have a close relationship to the "subject matter of this clause" because they involve the alleged failure of Defendant to perform its obligations under the Subcontract. See Bluemer , 277 N.J. Super, at 405, 649 A.2d 913. While they allege different legal theories, all of Plaintiff's claims require resolution of the alleged breach of contract. Plaintiff may not "frustrate [the alternative dispute resolution] agreement simply by the manner in which it framed its claims." Id.
Plaintiff also declares that the forum selection clause does not apply because the clause is "specifically limited to claims that have been subject to mediation and where mediation was unsuccessful." Pl.'s Opp. at 14. Plaintiff asserts that because the breach of contract issue was not submitted to mediation, the forum selection clause does not apply to these claims.
Defendant counters that because Plaintiff is the party seeking to assert a claim, it is Plaintiff that must first submit the claim to mediation. Def.'s Reply at 14, ECF No. 11.
It is clear from the text of the subcontract that the forum selection clause applies to Plaintiff's claims. The Subcontract provides:
For any claim subject to, but not resolved by mediation pursuant to Section 6.1, at the sole option of [Dobco], it shall be resolved either by arbitration ... or, if [Dobco] does not opt for arbitration, then such disputes shall be decided in the Superior Court of the State of New Jersey, and venue of any such action shall be placed in Passaic County, New Jersey.
Subcontract § 6.2.1.
Defendant's ability to enforce the forum selection clause is unaffected by the failure to mediate the claims pursuant to section 6.1. The forum selection clause applies to claims that were "subject to, but not resolved by mediation pursuant to Section 6.1." The claims here are "subject to" section 6.1 because they arise out of the Subcontract, but they were not "resolved by" the mediation procedures because neither party submitted a claim to the American Arbitration Association. The claims at issue fall within the literal terms of the forum selection clause.
Further, it would contravene the clear intent of the parties to allow a party to evade the requirement to litigate in the selected forum by foregoing mediation of its claims and instead filing suit in a nonprescribed forum. The Subcontract countenances two means of binding dispute resolution; arbitration, or litigation in New Jersey Superior Court. Rather than avail itself of the clearly-established procedures set out in the Subcontract, Plaintiff instead brought suit in federal court, which for all practical purposes is the only forum that section 6.2 prohibits.
Defendant further argues that the forum selection clause is enforceable because it is mandatory and not permissive. Def.'s Br. at 5. Defendant contends that although the clause allows for either arbitration or litigation in Superior Court, it is still a mandatory forum selection clause because it "mandates that litigation take place in one of two contemplated fora and thereby excludes all other fora." Id. (quoting Union Steel Am. Co. v. M/V Sanko Spruce , 14 F.Supp.2d 682, 687 (D.N.J. 1998) ).
"Of course, before a contractual forum selection provision can be enforced, *587 it must effectuate a selection." Wall Street Aubrey Golf, LLC , 189 Fed.Appx. at 85. A forum selection clause is enforceable only if it is mandatory-providing the sole forum available for resolution of the claims, rather than permissive-providing one of many possible fora. Id. ; Union Steel Am. Co. , 14 F.Supp.2d at 687. To determine whether a provision is mandatory, "a court's paramount consideration is the intent of the parties," guided by the "plain language of the agreement." Wall Street Aubrey Golf, LLC , 189 Fed. Appx. at 85 (quoting Mellon Bank, N.A. v. Aetna Bus. Credit, Inc. , 619 F.2d 1001, 1009 (3d Cir. 1980) ).
Plaintiff does not dispute that the forum selection clause is mandatory, and this Court finds that it is so. The Subcontract provides that claims subject to the clause "shall be decided in the Superior Court of the State of New Jersey," and that "venue of any such action shall be placed in Passaic County, New Jersey." Subcontract § 6.2.1 (emphasis added). The phrase "shall be decided" demonstrates that the parties intended that the New Jersey Superior Court and arbitration be the exclusive means of resolving disputes that were not successfully mediated. See Chisso Am., Inc. v. M/V HANJIN OSAKA , 307 F.Supp.2d 621, 624 (D.N.J. 2003) (finding provision mandatory when it provided "any dispute shall be governed by German law and determined by the courts of Bremen" (alterations omitted) ); Union Steel Am. Co. , 14 F.Supp.2d at 687 (finding forum selection provision mandatory when it provided that disputes "shall be decided" in the selected forum); cf. Kane v. Manuf.'s Life Ins. Co. , No. 08-4581 (KSH), 2009 WL 78143, at *5 (Jan. 9, 2009 D.N.J.) (finding clause permissive when it provided state court "shall retain jurisdiction" and distinguishing Chisso (emphasis added) ). The ability of Defendant to elect arbitration or litigation is not inconsistent with the intent to resolve disputes arising out of the subcontract exclusively in one of the prescribed fora. See United Steel Am. Co. , 14 F.Supp.2d at 687 (finding provision mandatory when it allowed litigation in selected forum, or arbitration at election of one party).
Plaintiff does not claim that the forum selection clause was "the result of fraud or overreaching," or that enforcement would "violate strong public policy" of the forum, or that enforcement would "so seriously inconvenient as to be unreasonable." MoneyGram Payment Sys., Inc. , 65 Fed.Appx. at 846. The forum selection clause is enforceable, and the matter should be dismissed as a matter of federal law. See Wall St. Aubrey Golf, LLC , 189 Fed.Appx. at 87.
CONCLUSION
The Court finds that the Parties entered into an enforceable agreement to litigate exclusively in New Jersey Superior Court, Passaic County. Defendant's motion to dismiss is granted. An appropriate order follows.

Plaintiff makes this argument in response to the motion to compel arbitration. Because the arbitration and forum selection clauses both reference the mediation clause in section 6.1, the analysis is appropriate here.